1
2
3
4
5
6
7

**JOHN L. BURRIS, Esq.  SBN 69888**
**ADANTÉ D. POINTER Esq. SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com

Attorneys for plaintiffs

E-filing

ORIGINAL
FILED
MAR - 2 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

MHP

8
9
10

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WANDA JOHNSON, individually and as
personal representative of the ESTATE of
OSCAR J. GRANT III, the ESTATE OF
OSCAR J. GRANT III, SOPHINA MESA as
Guardian ad Litem of minor, T.G.

                Plaintiffs,

    vs.

BAY AREA RAPID TRANSIT DISTRICT;
GARY GEE, in his official capacity as CHIEF
OF POLICE for BAY AREA RAPID TRANSIT
DISTRICT, JOHANNES MEHSERLE
individually and in his official capacity as a
police officer for BART; ANTHONY PIRONE,
individually and in his personal capacity as a
police officer for BART; MARYSOL
DOMENICI, individually and in her official
capacity as a police officer for BART; and
DOES 1-50, inclusive,

                Defendants.

CASE NO.: **C09-00901**

COMPLAINT FOR WRONGFUL DEATH
AND VIOLATION OF CIVIL RIGHTS AND
DAMAGES

JURY TRIAL DEMANDED

1

## INTRODUCTION

2

    This case arises out of the unlawful detention, arrest, assault and wrongful death of twenty-

3

two year old, Mr. Oscar J. Grant III, at the hands of several Bay Area Rapid Transit District Police

4

Officers during the early morning hours of New Year's Day 2009.

5

6

## PARTIES

7

    1.    Plaintiff herein, WANDA JOHNSON, is, and at all times herein mentioned was a

8

citizen of the United States. Plaintiff is the surviving mother of decedent, OSCAR J. GRANT III.

9

    2.    Plaintiff herein, the ESTATE of OSCAR J. GRANT III, is represented by and through,

10

WANDA JOHNSON, the decedent's mother and personal representative of OSCAR J. GRANT III's

11

estate.

12

    3.    Plaintiff herein, SOPHINA MESA, is the Guardian Ad Litem of T.G., the minor

13

surviving daughter of decedent, OSCAR J. GRANT III.

14

    4.    Defendant BAY AREA RAPID TRANSIT DISTRICT ("BART") is a governmental

15

entity, duly organized and existing under the laws of the State of California.  BART operates the

16

BAY AREA RAPID TRANSIT DISTRICT POLICE DEPARTMENT ("BART PD").

17

    5.    At all times herein mentioned defendant, GARY GEE ("CHIEF GEE") was the

18

CHIEF OF POLICE for BART. Defendant, CHIEF GEE, is sued herein in his individual and official

19

capacity as the CHIEF of POLICE for BART.

20

    6.    At all times mentioned herein, defendant JOHANNES MEHSERLE was an employee

21

of BART.  He is being sued individually and in his official capacity as a POLICE OFFICER for

22

BART.

23

    7.    At all times mentioned herein, defendant ANTHONY PIRONE was an employee of

24

BART.  He is being sued individually and in his official capacity as a POLICE OFFICER for BART.

25

    8.    At all times mentioned herein, defendant MARYSOL DOMENICI was an employee

26

of BART.  She is being sued individually and in her official capacity as a POLICE OFFICER for

27

BART.

28

9.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

10.     DOES 1 through 25, inclusive, are police officers employed by defendant BART, acting within the course and scope of their employment by defendant BART, and were directly involved in the detention, arrest and wrongful death of decedent.  DOES 26 through 50, inclusive, are defendant police officers employed by defendant BART, acting within the course and scope of their employment by defendant BART, were employed in a supervisory capacity by defendant BART and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant police officers employed by BART in the proper and reasonable making of detentions and arrests.

11.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have complied with all such requirements.

## STATEMENT OF FACTS

12.     During the early morning hours of January 1, 2009, Mr. Oscar J. Grant III was riding a Bay Area Rapid Transit District train ("Train") back to the east bay after a night of celebrating New Year's Eve in San Francisco.  He was accompanied by the mother of his four-year-old child, Ms. SOPHINA Mesa and several other friends and acquaintances.

13.     At or about the Lake Merritt BART Station, an altercation broke out on the Train.  The altercation lasted for only a couple of hectic minutes and was punctuated by a brief exchange of pushing and shoving.  There is no evidence that physical injuries or acts of vandalism occurred during the course of the altercation.  Unbeknownst to the Train's passengers, several BART police

officers were dispatched to meet the train at the Fruitvale BART Station and quash the altercation. However, the Train was peaceful when it arrived at the Fruitvale BART Station.

14.     When the Train pulled into the Fruitvale BART Station platform, its doors opened and many of its passengers disembarked.  The Train remained with its doors open on the platform for several minutes.  Several BART Police Officers, including, but not limited to, Officers Johannes Mehserle, Anthony Pirone and Marysol Domenici made their way onto the Station's platform.

15.     While the Train was stopped and without knowledge of any particularized facts identifying anyone as having been involved with the altercation and without seeing anyone engaged in criminal activity, Officer Pirone approached the Train's window and immediately pointed his taser at Mr. Grant and his friend, Mr. Michael Greer (Mr. Grant and Mr. Greer are 22 year old African American men). He began cursing at them and ordered them to get off the Train.  As Mr. Grant and Mr. Greer exited the Train, Officer Pirone grabbed Mr. Greer by his hair and violently threw him to the ground, causing a deep gash across the bridge of his nose.  Officer Pirone next walked over to Mr. Grant grabbing him and walked him to a retaining wall where three other young men, all of whom were either African American or Mexican American were being detained by Bart Officer Domenici and Does 1 through 25.  As the men, including Mr. Grant, were standing near the retaining wall, Officer Pirone threatened to tase each of them in the face if they did not comply with his orders. Additionally, an unknown Doe Officer directed a racial slur at one of the young men. At the time of this detention and threats with the taser Officer Pirone had not seen these young men commit a crime nor did he have any information that they had committed a crime

16.     As Mr. Grant and his friends were standing, sitting and/or kneeling near the retaining wall they began verbally questioning their detention and the Officers' abusive conduct.  One or more

yet to be identified Officers began handcuffing the young men despite not being aware of any information identifying Mr. Grant or any of the other young men as being involved in the reported altercation. Officer Domenici got in the face of the young men and repeatedly pointed her taser at them threatening to tase them in the face. Mr. Grant continued to question the reason for his detention and the use of threats made against him by the Officers. Neither Mr. Grant nor any of the other young men acted in a physically aggressive manner toward Officer Domenici. At the time that she was threatening to use her taser, the men had committed no crime.

17.    As Mr. Grant and the others were protesting their detention, Officer Pirone rushed over to where Mr. Grant was standing and aggressively assaulted him. Officer Pirone's unwarranted and unjustified assault caused Mr. Grant to drop to his knees where he immediately put his hands up to demonstrate that he was submitting to Officer Pirone. Officer Pirone proceeded to forcefully push Mr. Grant face down toward the pavement while threatening to taser him. Next, Officer Pirone kneeled down and dug his knee into Mr. Grant's upper back and neck thereby pushing Mr. Grant's face into the pavement. Mr. Grant cried out by telling Officer Pirone he was hurting him and that he had a four-year-old daughter and asking the Officer Pirone to not tase him.

18.    Officer Mehserle, who was standing nearby when Officer Pirone was taking Mr. Grant to the ground, kneeled down and restrained Mr. Grant's hands while Officer Pirone pinned Mr. Grant face down on the ground. Officer Mehserle stood up, drew his firearm and pointed it directly at Mr. Grant's back and without justification or provocation fired a single shot from his weapon into Mr. Grant's back as he lay face down on the platform. Mr. Grant was unarmed; his hands were behind his back and he was not posing a threat to Officer Mehserle when he was shot. Mr. Grant died from the gunshot hours later at a local hospital.

19.     After Mr. Grant was shot, he was immediately handcuffed and left to lie on the ground mortally wounded without the benefit of emergency medical care.  Mr. Grant's friends repeatedly asked the Officers to administer first aid and call an ambulance.  None of the assembled BART Police Officers attempted to render first aid.  Instead, one or more of the BART Officers told the young men to "shut the fuck up" and warned them that they better be quiet or the Officers would not call an ambulance for Mr. Grant.

20.     Within moments of the shooting, BART Police Officers immediately began seizing witnesses' cameras and other recording devices.  The officers arrested the other young men on the platform.  They were placed in handcuffs and taken to the BART Police Station against their will.  They were forced to remain handcuffed and in custody for over 5 hours before they were released.  To date, no criminal charges have been filed against the young men.

21.     Plaintiffs further are informed and believe and thereon allege that decedent's death was a foreseeable harm resulting from defendants' failure to exercise the duty of care owed to decedent, both by their unlawful detention, illegal arrest and intentionally using deadly and excessive force against the decedent.

22.     The above-described intentional and/or negligent conduct by defendants was a factual and proximate cause of decedent's death and plaintiffs' damages.

23.     Plaintiffs are informed and believe and thereon allege that Defendant BART by and through its supervisory employees and agents, CHIEF GEE, and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to detainees.  With deliberate indifference BART and DOES 1-50, inclusive, failed to take necessary, proper, and/or adequate measures to prevent the violation of decedent's and plaintiffs' rights.

a. Plaintiffs are informed and believe and thereon allege that on the night of Mr. Grant's death a non-professional relationship existed between one or more of the BART Officers on the scene at the Fruitvale station when Mr. Grant was shot and killed and that this non-professional relationship may have contributed to the unlawful detention, assault, arrest and shooting death of Mr. Grant.

b. Plaintiffs are informed and believe and thereon allege that BART by and through Chief Gee and one or more of his command officers, particularly the assignment officer(s), were aware of this relationship yet made no effort to alter their assignment so that their work as BART police officers would not be compromised.

c. Plaintiffs are informed and believe and thereon allege that this practice of assigning individuals together who have a non-professional relationship was deliberately indifferent to the constitutional rights of Mr. Grant and others.

24.   Plaintiffs are informed and believe and thereon allege that BART and CHIEF GEE, and DOES 26-50, inclusive, breached their duty of care to the public in that they failed to adequately train, supervise, and discipline their police officers in the proper making of detentions, arrests and use of force.  This lack of adequate supervisorial training demonstrates the existence of an informal custom, policy or practice of promoting, tolerating, and/or ratifying with deliberate indifference the continued making of unlawful detentions, arrests, and use of excessive and/or deadly force against detainees, including plaintiff's decedent, by police officers JOHANNES MEHSERLE, ANTHONY PIRONE, MARYSOL DOMENICI and DOES 1-50 inclusive, employed by defendant BART.

## DAMAGES

25.   As a consequence of Defendants violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff WANDA JOHNSON was mentally, and

emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

26.     Minor plaintiff, T.G., by and through her Guardian Ad Litem, SOPHINA MESA, is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

27.     Plaintiff, ESTATE OF OSCAR J. GRANT III, by and through, WANDA JOHNSON, the personal representative of OSCAR J. GRANT III's estate, is entitled to recover wrongful death damages pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b).   Additionally, plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

28.     Plaintiff, ESTATE OF OSCAR J. GRANT III, is entitled to recover damages by and through WANDA JOHNSON, the personal representative of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

29.     As a further direct and proximate result of defendants' intentional and/or negligent conduct, plaintiff T.G. has been deprived of decedent's support.

30.     Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**Violation of Fourth Amendment of the United States Constitution**
**(42 U.S.C. §1983)**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this complaint. Defendants' above-described conduct violated the decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

## SECOND CAUSE OF ACTION
### Violation of Fourth Amendment of the United States Constitution
### (42 U.S.C. §1983)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of this complaint.

33. Defendants' above-described conduct, wherein it is alleged the Defendant Officers detained decedent without reasonable suspicion, violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

## THIRD CAUSE OF ACTION
### Violation of Fourth Amendment of the United States Constitution
### (42 U.S.C. §1983)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this complaint.

35. Defendants' above-described conduct, wherein it is alleged that the Defendant Officers arrested decedent without probable cause violating his rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (arrest).

## FOURTH CAUSE OF ACTION
### Violation of Fourth Amendment of the United States Constitution
### (42 U.S.C. §1983)

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 of this complaint.

37.     Defendants' above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

## FIFTH CAUSE OF ACTION
### (Deliberate Indifference to Decedent's Medical Needs)
### (42 U.S.C. §1983)

38.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 37 of this Complaint.

39.     Decedent was entitled to receive necessary medical attention while in the care and custody of BART. In doing the acts complained of, defendants, and each of them, acted under color of state law to deprive the decedent of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment.

40.     As a proximate result of defendants' conduct, plaintiffs suffered injuries and damages as set forth herein.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Conspiracy to Violate Decedent's Civil Rights)
### (42 U.S.C. §1985)

41.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 40 of this Complaint.

42.     In doing the acts complained of herein, Defendants PIRONE, MEHSERLE, DOMENICI and DOES 1 – 25 and each of them acted in concert and conspired to violate decedent's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force

43.     Defendant PIRONE, MEHSERLE, DOMENICI and DOES 1 – 25 and each of them had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the Defendants attempted to prevent and/or stop the violation of the decedent's civil rights.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (Wrongful Death)
### (42 U.S.C. §1983)

44.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 43 of this Complaint.

45.     Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.     The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.     The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or,

d.     The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Violations of Plaintiffs' Civil Rights to Familial Relationship)
### (42 U.S.C. § 1983)

46.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 45 of this Complaint as though fully set forth;

47.     Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights,

privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Monell)
### (42 U.S.C. §1983)

48.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 47 of this Complaint.

49.     Plaintiffs are informed and believe and thereon allege that high ranking BART officials, including high ranking police supervisors such as Defendant CHIEF GEE, DOES 26 - 50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

50.     Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MEHSERLE, PIRONE, DOMENICI and DOES 1-25, and/or each of them decedent's constitutional rights were violated.

51.     Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MEHSERLE, PIRONE, DOMENICI and DOES 1-25, and/or each of them, Defendant CHIEF GEE, DOES 26-50, and/or each of them, encouraged these officers to continue their course of misconduct.

52.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking BART officials, including high ranking BART Police Department supervisors, Defendants

CHIEF GEE, DOES 26-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.    The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.    The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.    The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.    The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

53.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Survival action: Violation of decedent's civil rights)
### (42 U.S.C. §1983)
(Plaintiff JOHNSON as personal representative of decedent's estate)

54.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 53 of this Complaint.

55.    OSCAR J. GRANT III was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

56.    OSCAR J. GRANT III did not file a legal action before his death;

57.     Plaintiff, WANDA JOHNSON, as personal representative of the ESTATE OF OSCAR J. GRANT III claims damages for the conscious pain and suffering incurred by OSCAR J. GRANT III, as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
### (Wrongful Death - Negligence)
### (C.C.P. §377.60 and 377.61)
(Plaintiff T.G., by and through her Guardian Ad Litem, SOPHINA MESA against all Defendants)

58.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 57 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59.     Defendants and DOES 1-50 inclusive, by and through their respective agents and employees, proximately caused the death of decedent OSCAR J. GRANT III, said plaintiff T.G.'s father, on January 1, 2009 as a result of their negligent conduct and/or negligent failure to act as set forth herein.

60.     As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiff T.G. has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her father, decedent, in an amount according to proof at trial.

61.     As a further actual and proximate result of said defendants' negligence, plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

62.     Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION
### (Violation of Decedent's Right To Enjoy Civil Rights)
### (Violation of CALIFORNIA CIVIL CODE §52.1)

63.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 of this complaint.

64.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

## THIRTEENTH CAUSE OF ACTION
### (Violation of Decedent's State Statutory Rights)
### (Violation of CALIFORNIA CIVIL CODE §51.7)

65.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 64 of this complaint.

66.     Plaintiff is informed and believes and thereon alleges that the conduct of Defendants PIRONE, MEHSERLE, DOMENICI and DOES 1 through 25, inclusive, as described herein, was motivated by prejudice against OSCAR J. GRANT III. Plaintiff is and was readily recognizable as African-American.  In engaging in such conduct, Defendants violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

67.     Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

68.     As a proximate result of Defendants' wrongful conduct, decedent suffered damages as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

69.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 68 of this complaint.

70.     Defendants' above-described conduct was extreme, unreasonable and outrageous.

71.     In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of defendants' conduct.

## FIFTEENTH CAUSE OF ACTION
### (Assault And Battery)

72.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 71 of this complaint.

73.     Defendants' above-described conduct constituted assault and battery.

## JURY DEMAND

74.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1.     For general damages in a sum of $50 million dollars;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For funeral and burial expenses according to proof;

4.     For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant BART Police Chief, defendant police officers and/or DOES 1-25 and/or each of them;

5.     For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.


                                   Law Offices of John L. Burris


Dated: February 28, 2009

                                   JOHN L. BURRIS, Esq.
                                   **Attorney for plaintiffs**
                                   WANDA JOHNSON, individually and in her capacity as
                                   personal representative of the ESTATE OF OSCAR J.
                                   GRANT III, the ESTATE OF OSCAR J. GRANT III,
                                   SOPHINA MESA, as Guardian Ad Litem of minor, T.G.