1    DALE L. ALLEN, JR., # 145279
     LINDA MEYER, # 118190
2    DIRK D. LARSEN, # 246028
     LOW, BALL & LYNCH
3    505 Montgomery Street, 7th Floor
     San Francisco, California  94111-2584
4    Telephone  (415) 981-6630
     Facsimile   (415) 982-1634
5
6    Attorneys for Defendants
     BAY AREA RAPID TRANSIT DISTRICT and
7    GARY GEE in his official capacity as CHIEF OF
     POLICE for BAY AREA RAPID TRANSIT
8    DISTRICT
     Email: dallen@lowball.com
9    Email: lmeyer@lowball.com
     Email: dlarsen@lowball.com
10

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  WANDA JOHNSON, individually and as personal ) | Case No.: C09-00901  MHP |
| 14  representative of the ESTATE of OSCAR J. ) | |
|     GRANT III, the ESTATE of OSCAR J. GRANT ) | DEFENDANTS BAY AREA RAPID TRANSIT |
| 15  III, SOPHINA MESA as Guardian ad Litem of ) | DISTRICT AND CHIEF GARY GEE'S NOTICE |
|     minor, T.G. ) | OF MOTION AND MOTION TO ALLOW |
| 16  ) | ADDITIONAL TIME FOR DEPOSITIONS |
|     Plaintiffs, ) | (F.R.C.P. 30(d)(1)); MEMORANDUM OF |
| 17  ) | POINTS AND AUTHORITIES |
|     vs. ) | |
| 18  ) | Date:         February 1, 2010 |
|     BAY AREA RAPID TRANSIT DISTRICT; ) | Time:         2:00 p.m. |
| 19  GARY GEE, in his official capacity as CHIEF OF ) | Courtroom:  15, 18th Floor |
|     POLICE for BAY AREA RAPID TRANSIT ) | |
| 20  DISTRICT, JOHANNES MEHSERLE ) | Judge:        Hon. Marilyn Hall Patel |
|     individually and in his official capacity as a police ) | |
| 21  officer for BART; ANTHONY PIRONE, ) | |
|     individually and in his official capacity as a police ) | |
| 22  officer for BART; MARYSOL DOMENICI, ) | |
|     individually and in her official capacity as a police ) | |
| 23  officer for BART; and DOES 1-50, inclusive, ) | |
| 24  ) | |
|     Defendants. ) | |
| 25  _____ ) | |

26          TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27          NOTICE IS HEREBY GIVEN that on February 1, 2010, at 2:00 p.m., in Courtroom 15 of the

28  above-entitled Court, located on the 18th floor of 450 Golden Gate Avenue, San Francisco, California,

-1-

DEFENDANTS BART AND CHIEF GEE'S NOTICE OF MOTION AND MOTION TO ALLOW ADDITIONAL TIME
FOR DEPOSITIONS (F.R.C.P. 30(d)(1)); MEMORANDUM OF POINTS AND AUTHORITIES

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-depos.doc                    Case No. C09-00901 MHP

1   defendants BAY AREA RAPID TRANSIT DISTRICT ("BART") and CHIEF GARY GEE

2   (collectively the "Defendants") will, and hereby do, move the Court for an order allowing defendants

3   additional time to take the depositions of Mr. Carlos Reyes, Mr. Jack Bryson and Mr. Michael Greer,

4   witnesses in the above-captioned matter and plaintiffs in the related case of C 09-04835 MHP, *Bryson*

5   *et al v. Gee et al.*  This motion is made pursuant to Federal Rules of Civil Procedure

6   ("F.R.C.P.") 30(d)(1), on the grounds that additional time is required to fairly examine said

7   witnesses/plaintiffs regarding the events giving rise to both matters.

8   **STATEMENT OF RELIEF SOUGHT**

9           Defendants seek an order allowing the defendants in this action additional time beyond

10  F.R.C.P 30(d)(1)'s presumptive limit of one day and seven hours to take the depositions of Mr. Carlos

11  Reyes, Mr. Jack Bryson and Mr. Michael Greer, witnesses in the above-captioned matter and plaintiffs

12  in the related case of C 09-04835 MHP, *Bryson et al v. Gee et al.*  The moving Defendants seek only

13  three hours of additional time for each deposition, a reasonable period necessary for all defendants to

14  fairly examine said witnesses/plaintiffs, and are willing to stipulate with said witnesses/plaintiffs as to

15  the date and time of the further examination sought.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I       STATEMENT OF ISSUES TO BE DECIDED**

3

This motion presents the following issues for decision: (1) whether to allow all defendants three

4

hours of additional time for the deposition of Mr. Carlos Reyes, plaintiff in the related case of *Bryson*

5

*et al v. Gee et al*, case no. C 09-04835 MHP, and witness in the present matter; and (2) whether to

6

allow all defendants three hours of additional time each for the depositions of Mr. Jack Bryson and Mr.

7

Michael Greer, plaintiffs in the related case of *Bryson et al v. Gee et al*, case no. C 09-04835 MHP,

8

and witnesses in the present matter.

9

**II      STATEMENT OF RELEVANT FACTS**

10

    **A.      Background**

11

The present matter has three plaintiffs and five defendants, and related case *Bryson et al v. Gee*

12

*et al*, case no. C 09-04835 MHP, has five plaintiffs and eight defendants.  The moving Defendants are

13

represented by Dale L. Allen, Jr.; defendant Mehserle is represented by Michael Rains; defendant

14

Domenici is represented by Alison Berry Wilkinson; and defendant Pirone is represented by William

15

Rapoport.  (Declaration of Dale L. Allen, Jr. filed herewith ["Allen Dec."], ¶ 3.)

16

At the case management conference of October 19, 2009, it was agreed that the three lawsuits

17

arising out of the shooting death of Oscar Grant would be consolidated for purposes of discovery (the

18

plaintiff in the third lawsuit is the father of decedent Oscar Grant).  The Court ordered that only one

19

deposition could be taken of the *Bryson* plaintiffs, who are witnesses to the events underlying all three

20

actions, notwithstanding there were three separate lawsuits.  At the time of the order the issue of

21

whether or not the one deposition rule would require more time than presumptively allowed under

22

F.R.C.P. 30(d)(1) was not discussed.  (Allen Dec., ¶ 4.)

23

Prior to the depositions of the *Bryson* plaintiffs, counsel for all defendants coordinated the

24

substance and sequence of the examinations to ensure coverage of the relevant areas of inquiry without

25

duplicative examination.  Mr. Allen was to examine the plaintiffs regarding their respective memories

26

and backgrounds, the events preceding the subject incidents, the general sequence of the incidents

27

themselves, and information relevant to all plaintiffs' *Monell* claims against BART and Chief Gee.

28

///

---

DEFENDANTS BART AND CHIEF GEE'S NOTICE OF MOTION AND MOTION TO ALLOW ADDITIONAL TIME
FOR DEPOSITIONS (F.R.C.P. 30(d)(1)); MEMORANDUM OF POINTS AND AUTHORITIES

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-depos.doc                                                    Case No. C09-00901 MHP

1  Counsel for the individual officer defendants were to follow up with questions specific to the actions of

2  their respective clients in order to protect their clients' interests.  (Allen Dec., ¶ 5.)

3  As it now stands, the depositions of *Bryson* plaintiffs Fernando Anicete and Nigel Bryson have

4  been completed, within the time frame allowed; the deposition of Carlos Reyes is in progress but not

5  yet completed; and the depositions of the remaining two *Bryson* plaintiffs are currently scheduled to be

6  completed within the next three weeks.  (Allen Dec., ¶ 6.)

7  **B.  Deposition of Mr. Carlos Reyes**

8  The deposition of plaintiff Carlos Reyes was begun on Wednesday, December 9, 2009.  The

9  deposition of Jack Bryson had been scheduled for December 7, but on December 6 defense counsel

10  learned from plaintiffs' counsel that Mr. Bryson would not appear that day.  The deposition of Michael

11  Greer had been scheduled for December 8, but counsel for Mr. Mehserle, Michael Rains, took ill on

12  the evening of December 7, so the deposition of Mr. Greer did not go forward on that date.  Defense

13  counsel requested that the deposition of Mr. Greer be postponed to December 9, but plaintiffs' counsel

14  rejected this request.  Accordingly, the deposition of plaintiff Carlos Reyes proceeded as scheduled on

15  December 9.  As it turned out, Mr. Rains was not able to appear on December 9 due to his illness, but

16  the parties proceeded without him in order to keep the depositions moving forward.  (Allen Dec., ¶ 7.)

17  When the parties broke at 5:00 p.m. on December 9, only Messrs. Allen and Rapoport had examined

18  Mr. Reyes, and Ms. Wilkinson had begun to examine Mr. Reyes for approximately 20 minutes.  (Allen

19  Dec., ¶ 8.)

20  Mr. Reyes was testifying about complex matters and events that occurred that night. The events

21  involved numerous people he had been traveling with and who are potential witnesses to the causes of

22  action raised in the three suits.  The causes of action, some of which are related, and some of which are

23  independent, involve both state and federal claims and immunities.  (Allen Dec., ¶ 9.)

24  Mr. Reyes testified he had poor or no memory of events that took place related to his activities

25  prior to the incident, the shooting, and what occurred subsequent to the incident.  He testified that he

26  gave three tape-recorded statements, January 1, 2009, January 10, 2009, and July 20, 2009.  He

27  testified he had not listened to these statements nor has he ever reviewed any transcripts of these

28  statements.  These statements total approximately 130 pages.  In addition, he testified he has not

DEFENDANTS BART AND CHIEF GEE'S NOTICE OF MOTION AND MOTION TO ALLOW ADDITIONAL TIME
FOR DEPOSITIONS (F.R.C.P. 30(d)(1)); MEMORANDUM OF POINTS AND AUTHORITIES

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-depos.doc          Case No. C09-00901 MHP

reviewed any police reports containing his statements nor that of witnesses.   All of these reports and transcripts either had been provided to Mr. Reyes' counsel as part of the Defendants' initial disclosure or subsequent document production, or had been provided by Mr. Reyes' counsel to Defendants well in advance of the deposition.  (Allen Dec., ¶ 10.)

As a result of Mr. Reyes' failure to refresh his memory using available documents prior to his deposition, a good portion of the deposition was setting forth foundational questions to determine what he should be examined about once his memory has been refreshed.  At the time the deposition recessed, the parties had completed some—but far from all—of the examination where they intended to refresh his memory by playing the interviews and/or reading statements he made at various times over the last eleven months.  (Allen Dec., ¶ 11.)

### C.    Meet and Confer Efforts Attempting to Resolve This Dispute Informally

Counsel for Mr. Reyes stated on the record that they will not allow the examination to go beyond the one day and seven hours presumptively mandated in the absence of a court order.  The issue was discussed and placed on the record, asking counsel to stipulate that good cause existed as set forth by the advisory committee when seeking an extension of time under Rule 30(d)(1).  Counsel for Mr. Reyes stated that the matter is not complex, that the parties had time to prepare their questions and could complete the deposition within seven hours, that the parties used only five hours of their time, and that Mr. Rains' interests and those of his client are being adequately covered by the questions raised by the other defense counsel.  (Allen Dec., ¶ 12.)

Mr. Allen attempted to reach the Court by telephone during a break in the deposition in order to resolve the issues raised.  On December 10, 2009, Mr. Allen filed a letter brief with the Court (Docket No. 46), which was followed the same day by a letter brief from plaintiffs' counsel (Docket No. 47). Mr. Allen again attempted to reach the Court by telephone on the morning of December 11, 2009, but was unsuccessful.  (Allen Dec., ¶ 13.)

## III   ARGUMENT

### A.    Applicable Law

F.R.C.P. 30(d)(1) provides:

> *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time

DEFENDANTS BART AND CHIEF GEE'S NOTICE OF MOTION AND MOTION TO ALLOW ADDITIONAL TIME
FOR DEPOSITIONS (F.R.C.P. 30(d)(1)); MEMORANDUM OF POINTS AND AUTHORITIES

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-depos.doc                                          Case No. C09-00901 MHP

consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

F.R.C.P 26(b)(2), referenced in Rule 30(d)(1), provides, in relevant part:

(A) *When Permitted.*  By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. [...]

The Advisory Committee Notes to the 2000 Amendment to subdivision (d)(1) of F.R.C.P. 30 discuss a "variety of factors" to be considered with respect to an extension of a deposition's duration. F.R.C.P. 30, advisory committee's note, 2000 amendment.  These factors include whether a witness has reviewed documents relevant to his testimony; the number of parties examining the witness; and any "other circumstance," such as a health emergency.  F.R.C.P. 30, advisory committee's note, 2000 amendment.

**B.    Additional Time is Needed to Fairly Examine Mr. Reyes, and Defendants Anticipate That Additional Time Will Be Need to Fairly Examine Jack Bryson and Michael Greer.**

These related cases involve complex matters and events that occurred on the night in question. The events involved numerous people the *Bryson* plaintiffs had been traveling with and who are potential witnesses to the causes of action raised in the three suits.  The causes of action, some of which are related, and some of which are independent, involve both state and federal claims and immunities.

Messrs. Carlos Reyes, Jack Bryson and Michael Greer were the three individuals closest to decedent Oscar Grant at the time of the shooting.  Accordingly, Defendants believe that they will possess the most knowledge regarding the specific factual circumstances of that incident, including the precise sequence of events, the actions of the BART officers, and any verbal exchanges that took place.  For the reasons discussed in the following subsections, additional time is required to fairly examine Mr. Reyes regarding these events.  Because Defendants anticipate that at least some of the same issues may arise in the depositions of Messrs. Bryson and Greer, they request additional time for those depositions in advance, in order to resolve these questions at one hearing and thus avoid further time and expense for the parties and the Court.

-6-

DEFENDANTS BART AND CHIEF GEE'S NOTICE OF MOTION AND MOTION TO ALLOW ADDITIONAL TIME
FOR DEPOSITIONS (F.R.C.P. 30(d)(1)); MEMORANDUM OF POINTS AND AUTHORITIES

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-depos.doc                                                                    Case No. C09-00901 MHP

## 1. **Additional Time Is Needed Because Plaintiff Reyes Did Not Review Available Documents to Refresh His Memory Before Testifying.**

The Advisory Committee Notes to the 2000 Amendment to subdivision (d)(1) of F.R.C.P. 30 states, in relevant part:

> In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit.

Here, Mr. Reyes testified he had poor or no memory of events that took place related to his activities prior to the incident, the shooting, and what occurred subsequent to the incident. He testified that he gave three tape-recorded statements, January 1, 2009, January 10, 2009, and July 20, 2009. He testified he had not listened to these statements nor has he ever reviewed any transcripts of these statements. These statements total approximately 130 pages. In addition, he testified he has not reviewed any police reports containing his statements nor that of witnesses. All of these reports and transcripts either had been provided to Mr. Reyes' counsel as part of the Defendants' initial disclosure or subsequent document production, or had been provided by Mr. Reyes' counsel to Defendants well in advance of the deposition.

As a result of Mr. Reyes' failure to refresh his memory using available documents prior to his deposition, Defendants' counsel had to spend a good portion of the deposition setting forth foundational questions to determine what he should be examined about once his memory has been refreshed. The defendants had completed some, but far from all, of their examination where they intended to refresh his memory by playing the interviews and/or reading statements he made at various times over the last eleven months. Had Mr. Reyes taken the opportunity to review available documents regarding the incident and his prior statements about the incident, the defendants would not be compelled to spend deposition time refreshing his recollection. Defendants should thus not be deprived of their opportunity to fairly examine Mr. Reyes on both his memory of the incident and his prior statements.

///

DEFENDANTS BART AND CHIEF GEE'S NOTICE OF MOTION AND MOTION TO ALLOW ADDITIONAL TIME
FOR DEPOSITIONS (F.R.C.P. 30(d)(1)); MEMORANDUM OF POINTS AND AUTHORITIES

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-depos.doc                                    Case No. C09-00901 MHP

2.    **Because Mr. Reyes Has Sued Multiple Defendants, He Should Be Subject to Fair Examination by Counsel for Each Defendant.**

The Advisory Committee Notes to the 2000 Amendment to subdivision (d)(1) of F.R.C.P. 30 states that "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time," but cautions that "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest."

Here, counsel for all defendants should have an opportunity to fairly examine Mr. Reyes, and all counsel have heeded the Advisory Committee's warning to avoid duplicative questioning. Counsel for the moving Defendants was designated to examine Mr. Reyes about his memory, his background, the events prior to the incident, and the general sequence of events during and after the incident, while the attorneys for defendants Domenici, Pirone and Mehserle were to follow up with questions specific to their respective clients, in order to protect such clients' interests. Due to Mr. Reyes' poor memory and failure to review documents, however, only counsel for the moving defendants and Pirone had an opportunity to fully examine Mr. Reyes, and counsel for Domenici had only begun her examination. As discussed in the following subsection, counsel for Mehserle was not present due to a medical emergency but, even if he had been present, Defendants anticipate that the full examination by both him and counsel for Domenici would exceed the seven-hour limit. Accordingly, Defendants respectfully request an additional three hours of time for all counsel to fairly examine Mr. Reyes and, anticipating similar issues arising with Messrs. Jack Bryson and Michael Greer, also request three additional hours for each of their depositions.

3.    **Counsel for Defendant Mehserle Was Unable to Appear for the Deposition of Mr. Reyes Due to a Medical Emergency.**

The Advisory Committee Notes to the 2000 Amendment to subdivision (d)(1) of F.R.C.P. 30 states that the amendment

> makes clear that additional time should also be allowed where the examination is impeded by an "other circumstance," which might include a power outage, a health emergency, or other event.

Here, counsel for defendant Mehserle took ill on the evening of December 7, 2009, and was ordered by his physician to rest at home until December 11, 2009. He was thus unable to attend the

-8-

DEFENDANTS BART AND CHIEF GEE'S NOTICE OF MOTION AND MOTION TO ALLOW ADDITIONAL TIME FOR DEPOSITIONS (F.R.C.P. 30(d)(1)); MEMORANDUM OF POINTS AND AUTHORITIES

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-depos.doc                                    Case No. C09-00901 MHP

December 9, 2009 deposition of Mr. Reyes.  The interests of defendant Mehserle, who is presently

awaiting trial for murder arising out of the same incident, would not be adequately represented by

counsel for the other defendants.  At issue is whether Mr. Mehserle's shooting of Mr. Grant was

intentional, as claimed by the plaintiffs in this case, or was an accident resulting from Mr. Mehserle

inadvertently grabbing his firearm instead of his taser.  Mr. Reyes, in his initial interview with BART

Police officials and in subsequent statements made to other police officers, has indicated that he believed

the shooting of Mr. Grant was "accidental."  To deprive Mr. Mehserle or his counsel of an opportunity

to depose an important percipient witness such as Mr. Reyes would deprive counsel of his ethical

obligation to provide his client a legally sufficient defense in this case, where the plaintiffs seek punitive

damages for Mr. Mehserle's claimed intentional shooting of Mr. Grant.  (Declaration of Michael L.

Rains filed herewith, ¶¶ 10-12.)

Under these circumstances, the presumptive one-day, seven-hour limit is insufficient to fairly

examine individuals who witnessed the shooting and its aftermath from close range.  Accordingly,

additional time should be granted for the depositions of Messrs. Reyes, Greer and Jack Bryson.

### 4. Defendants Seek Only Reasonable Additional Time for the Depositions of the Three Individuals Closest to the Incident.

Contrary to the assertion of plaintiffs' counsel in his letter brief of December 10, 2009,

Defendants do not request that the depositions "drag on for countless hours" or become "endurance

tests" that increase financial and time burdens.  Instead, they request only three hours of additional

time for each of three plaintiffs/witnesses who were closest in proximity to an event that has resulted in

the death of one individual, a prosecution for murder, extensive investigation by various agencies

entailing numerous witness statements, intense media coverage and three separate lawsuits.  Moreover,

in holding the depositions of Nigel Bryson and Fernando Anicete to within seven hours, all defendants

have shown that they are diligently preparing and coordinating their respective examination to observe

the presumptive limit.  However, the defendants do not control the memory or preparation of the

deponents, and cannot preclude every circumstance that may impede the conduct of the depositions.

They thus respectfully request a reasonable amount of additional time—only three hours per

deposition—necessary to fairly examine Mr. Reyes, Mr. Greer and Mr. Jack Bryson.

-9-

1   **IV**      <u>**CONCLUSION**</u>

2          For the foregoing reasons, defendants BART and Chief Gee respectfully request that the Court

3   allow three hours of additional time pursuant to F.R.C.P. 30(d)(1), on a day or days to be determined

4   among all parties, for the deposition of each plaintiff/witness Carlos Reyes, Jack Bryson and Michael

5   Greer.

6

7          Dated: December 21, 2009.

8                                             LOW, BALL & LYNCH

9

10                                     By_____s/ Dale L. Allen, Jr.._____
                                           DALE L. ALLEN, JR.
11                                         LINDA MEYER
                                           DIRK D. LARSEN
12                                         Attorneys for Defendants
                                           BAY AREA RAPID TRANSIT DISTRICT and
13                                         GARY GEE in his official capacity as CHIEF OF
                                           POLICE for BAY AREA RAPID TRANSIT
14                                         DISTRICT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS BART AND CHIEF GEE'S NOTICE OF MOTION AND MOTION TO ALLOW ADDITIONAL TIME
FOR DEPOSITIONS (F.R.C.P. 30(d)(1)); MEMORANDUM OF POINTS AND AUTHORITIES

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-depos.doc                                    Case No. C09-00901 MHP