**JOHN L. BURRIS, SBN 69888**
**ADANTÉ D. POINTER, SBN 236229**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
E-mail: john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA JOHNSON, individually and as personal representative of the ESTATE of OSCAR J. GRANT III, the ESTATE OF OSCAR J. GRANT III, SOPHINA MESA as Guardian ad Litem of minor, T.G.<br><br>    Plaintiffs<br>vs.<br><br>BAY AREA RAPID TRANSIT DISTRICT; GARY GEE, in his official capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT; DOROTHY DUGGER, in her official capacity as GENERAL MANAGER for BART; JOHANNES MEHSERLE individually and in his official capacity as a police officer for BART; ANTHONY PIRONE, individually and in his personal capacity as a police officer for BART; MARYSOL DOMENICI, individually and in her official capacity as a police officer for BART; and DOES 1-50, inclusive,<br><br>    Defendants. | **No. C09-00901 MHP**<br><br>PLAINTIFFS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO ALLOW FOR ADDITIONAL TIME FOR DEPOSITIONS<br><br>Date: February 1, 2010<br>Time: 2:00 p.m.<br>Courtroom: 15, 18th Floor<br><br>Judge: Marilyn Hall Patel |

1
**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO ALLOW FOR ADDITIONAL TIME**
**CASE NO. C09-00901 MHP**

PLAINTIFFS HEREBY, submit in opposition to Defendants' Motion To Allow For Additional Time For Depositions this Memorandum of Points and Authorities, the Declaration of Adante D. Pointer, any attached exhibits along with any oral argument and/or materials that may be presented at the hearing on February 1, 2010.

Dated: January 11, 2010                               /s/
                                                      ADANTE D. POINTER
                                                      Attorney for Plaintiffs

MEMORANDUM OF POINTS AND AUTHRORITIES

I.  INTRODUCTION

On December 21, 2009, Defendants filed a Motion To Allow Additional Time For Depositions ("Motion). The Court must deny the Defendants' Motion as it fails to state good cause for allowing additional time for the identified depositions to take place that the additional time is unnecessary, not warranted, will serve to harass and annoy the deponents and will drive up the costs associated with taking the depositions.

II.  STATEMENT OF FACTS

According to the Case Management Order issued after the October 19, 2009, Case Management Conference, the three lawsuits arising out of the shooting death of Oscar Grant are to be consolidated for purposes of discovery. At the Conference the parties agreed that all plaintiffs would only have their deposition taken once. All of the named Defendants' lead counsel were present and failed to raise any issues with the Court or Plaintiffs' counsel regarding seeking a variance from the Federal Rules of Civil Procedure related to the manner in which the depositions were to be governed.

During the month of November, the parties met and conferred and arranged for the plaintiffs in the *Bryson et al v. BARTD et al, case no. C 09-04835 MHP* to have their depositions taken in December. In the course of meeting and conferring, Defense counsel never indicated they wanted more time than the 7 hours and 1 day a deponent may be examined as codified in Federal Rule of Civil Procedure (F.R.C.P) 30(d)(1). Presumptively, all parties prepared for the depositions as if the depositions would be conducted according to the FRCP.

3
**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO ALLOW FOR ADDITIONAL TIME
CASE NO. C09-00901 MHP**

Plaintiffs prepared for their depositions by personally meeting with counsel over the course of several weeks and reviewing videotape of the subject incident. As agreed by and through counsel, Defendants took the depositions of all of the *Bryson* Plaintiffs with the exception of Mr. Michael Greer during the month of December.

Mr. Fernando Anicete's deposition was taken on December 4, 2009. All of the named Defendants' lead counsels were present. Each counsel, including Plaintiffs' counsel took turns examining Mr. Anicete. During the course of the deposition Mr. Anicete was shown photographs, videotape and asked questions regarding three prior statements he has given to BARTD, the Alameda County District Attorney's Office and to a private investigator associated with the plaintiffs' law firm. Nevertheless, Mr. Anicete's deposition was completed in a single day and lasted approximately 7 hours in its entirety, including time for an hour lunch and multiple breaks lasting roughly 5 to 15 minutes. At no time immediately prior to, during or after Mr. Anicete's deposition did Defense counsel express any concern with adhering to FRCP 30(d)(1).

Mr. Jack Bryson's deposition was scheduled to be taken that following Monday. Unfortunately, Mr. Bryson was unable to attend his deposition and it was rescheduled to a later date at Plaintiff's request. Mr. Michael Greer's deposition was scheduled to take place the following day on Tuesday, December 8, 2009. Unfortunately, Mr. Michael Rains fell ill and his staff notified Plaintiffs of his medical condition. The parties agreed that Mr. Greer's deposition would be rescheduled to a later date so that Mr. Rains could be in attendance. Mr. Carlos Reyes' deposition was scheduled to take place the very next day on Wednesday, December 9, 2009.

Plaintiffs' counsel and Mr. Reyes appeared for the deposition as scheduled. Once they arrived they were informed of Mr. Rains' continued illness and were told Defendants intended to proceed with the deposition. At no time prior to the commencement of Mr. Reyes' deposition did any of the Defendants request Mr. Reyes' deposition be continued or that arrangements be made to allow Mr. Rains to examine Mr. Reyes at a later date or through some other medium (i.e. via telephone or written questions). Instead, Defendants proceeded to examine Mr. Reyes in a manner similar to how Mr. Anicete was examined.

Then, at some point around the conclusion of the lunch break, after the deposition had been going on for several hours, the Defendants stated they wanted Mr. Reyes to come back for his deposition on another day. Plaintiffs' counsel stated that he intended to enforce FRCP 30(d)(1) and that he would not produce Mr. Reyes on another day. The deposition then continued on for approximately another 2 hours, with two of the three defense attorneys peppering Mr. Reyes with questions of a general and specific nature.

Later, the parties put there respective position regarding Defendants' desire to continue Mr. Reyes' deposition on another day on the record. Plaintiffs' counsel opposed Defendants' position and indicated that both he and Mr. Reyes were ready and willing to sit through the balance of Defendants' remaining time, up to and including the 7th hour. The third Defense counsel then began examining Mr. Reyes. Her examination went up to and until 5 p.m. At 5 p.m., the deposition was stopped. Mr. Reyes deposition lasted approximately 7 hours including an hour lunch and several short breaks.

Next, over the course of the following days, both Jack Bryson and Nigel Bryson's depositions were taken. All Defense counsels were present and examined the young

men. Nevertheless, both depositions were completed in a single day and lasted no more than 7 hours in their entirety including time for an hour lunch and several short breaks. Both plaintiffs were examined using video, photographs and asked questions regarding their respective prior statements.

### III. LEGAL DISCUSSION

At issue is whether good cause exists for the Defendants to be allowed additional time to take the depositions of the *Bryson* plaintiffs beyond the scope provided for under FRCP 30(d)(1).

FRCP 30(d)(1) states in relevant part that:

Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with 26(b)(2) if needed to fairly examine the deponent or any other circumstance impedes or delays the examination. The 2000 Advisory Committee Note goes on to clarify what "circumstance" qualifies as good cause to warrant an extension being granted.

The Advisory Committee Note lists and the Defendants posit that they are entitled to an extension because this is a complex action; they are questioning the deponents about numerous lengthy documents; the deponents failed to read the numerous lengthy documents; multiple parties are present in the related actions and Mr. Rains' health emergency. Plaintiff will address each of the Defendants' points in turn.

## V.     ANALYSIS

**The Actions While Serious and of Utmost Import Are Not "Complex"**

The related actions do not constitute "complex" litigation. The actions all allege violations of the respective Plaintiffs' federal and state civil rights arising out of the shooting death of Oscar Grant. The actions do not raise complex medical or scientific issues (i.e.- asbestos, groundwater contamination or products liability). Furthermore, the applicable laws are well settled. Moreover, the material evidence present in this case consists of percipient witnesses, video and audiotapes of the incident, things that are readily explainable and not beyond a lay person's comprehension.

**The Deponents Were Aptly Prepared For Their Deposition**

The Plaintiffs were prepared for their respective depositions. Each plaintiff met individually and collectively to prepare for their depositions. They all reviewed videotape of the tragic incident and engaged their legal counsel in discussing the various issues present in the related actions. Admittedly, they have not memorized every question posed and every response they have given related to Mr. Grant's death or their own treatment at the hands of the Defendants over the course of the last year. Nevertheless, the Plaintiffs' were responsive to the Defendants' questions during their depositions and did not seek to withhold what the Defendants are entitled to, their best recollections. The Defendants for reasons they are not required to disclose or explain did not seek to refresh the Plaintiffs' recollections by playing any of their recorded statements or by placing a transcript before any of them during the course of their deposition.

**The Parties Are Not So Numerous As To Make 7 Hours Unreasonable**

Four lawyers serve as lead counsel and represent the interests of the named Defendants. All of them are very well learned and experienced litigators with hundreds of depositions, trials and/or adversarial hearings under their collective belt. They are well suited to conduct a deposition regarding the matters at issue within seven hours. Tellingly, not one of the 8 depositions the Defendants have taken in this action has exceeded 7 hours. Mr. Anicete, Mr. J. Bryson and N. Bryson depositions were all completed in less than 5.5 hours on the record. Plaintiffs do not see any reason why Mr. Greer's deposition, who was also prepared similar to the other *Bryson* plaintiffs, should take any longer.

**Defendants' Knowingly Conducted Mr. Reyes' Deposition At Their Own Peril**

None of the Defendants raised the prospect of Mr. Rains' absence due to illness as a basis to reschedule the deposition or to make alternate arrangements for him to participate in the deposition. As stated above, the parties voluntarily continued a prior deposition due to Mr. Rains' illness. No such efforts were made by the Defendants to advise the Plaintiffs of Mr. Rains' continued illness. Nor did the Defendants request to reschedule the deposition to a later date. Instead, the Defendants commenced with the deposition fully aware that they were responsible for protecting their colleague and his clients' interests. A review of the deposition transcript indicates they asked Mr. Reyes questions that appear to do just that. This is evinced by the fact that it took just as long for 3 defendants to depose Mr. Reyes as it took for all 4 defendants to depose the other 3 *Bryson* Plaintiffs.

## IV.    CONCLUSION

The Defendants' Motion To Allow Additional Time For Depositions must be denied as it fails to state good cause for allowing additional time for the identified depositions to take place. The demonstrable deposition history of this action shows the Defendants are more than capable and have managed to complete the overwhelming majority of the depositions well within 7 hours on the record. There is little to no reason to believe they will suddenly deviate from this norm. Moreover, all their respective interests have been protected and advanced during the course of all the depositions taken, including during the time of Mr. Rains' absence. To now, belatedly ask that prior completed depositions be re-opened and that the sole *Bryson* Plaintiff deposition that has not been taken be conducted under a new set of rules is unwarranted. Moreover, granting the Defendants' request will serve to harass and annoy the deponents along with driving up the costs associated with taking the depositions. Plaintiffs therefore respectfully implore the Court to deny Defendants' Motion.

In the alternate, should the Court decide to grant Defendants' request, Plaintiffs ask the Court to order the Defendants to not ask questions that have previously been asked and answered and that Defendants only be granted so much additional time as the Court sees fit.

January 11, 2010                                   /s/
DATE                                           ADANTE D. POINTER
                                               Attorneys for Plaintiffs