DALE L. ALLEN, JR., # 145279
LINDA MEYER, # 118190
DIRK D. LARSEN, # 246028
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California  94111-2584
Telephone  (415) 981-6630
Facsimile   (415) 982-1634

Attorneys for Defendants
BAY AREA RAPID TRANSIT DISTRICT and
GARY GEE in his official capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT
DISTRICT
Email: dallen@lowball.com
Email: lmeyer@lowball.com
Email: dlarsen@lowball.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA JOHNSON, individually and as personal representative of the ESTATE of OSCAR J. GRANT III, the ESTATE OF OSCAR J. GRANT III, SOPHINA MESA as Guardian ad Litem of minor, T.G.,<br><br>Plaintiffs,<br><br>vs.<br><br>BAY AREA RAPID TRANSIT DISTRICT; GARY GEE, in his official capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT, JOHANNES MEHSERLE, individually and in his official capacity as a police officer for BART; ANTHONY PIRONE, individually and in his official capacity as a police officer for BART; MARYSOL DOMENICI, individually and in her official capacity as a police officer for BART; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: C09-00901  MHP<br><br>DEFENDANTS BAY AREA RAPID TRANSIT DISTRICT AND CHIEF GARY GEE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO ALLOW ADDITIONAL TIME FOR DEPOSITIONS (F.R.C.P. 30(d)(1))<br><br>Date:          February 1, 2010<br>Time:          2:00 p.m.<br>Courtroom: 15, 18th Floor<br><br>Judge:         Hon. Marilyn Hall Patel |

Defendants BAY AREA RAPID TRANSIT DISTRICT and CHIEF GARY GEE (collectively "Defendants") respectfully submit the following reply to Plaintiffs' opposition to Defendants' motion for additional time to complete the deposition of Carlos Reyes:

///

BART AND CHIEF GEE'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO ALLOW ADDITIONAL TIME FOR DEPOSITIONS (F.R.C.P. 30(d)(1))

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-reply.doc                                              Case No. C09-00901 MHP

1

## I.      **INTRODUCTION**

2

As of the date of this brief's filing, all defendants have completed the depositions of Fernando

3    Anicete, Jack Bryson and Nigel Bryson, witnesses in the present matter and plaintiffs in the related

4    matter of *Bryson et al v. Gee et al*, case no. C 09-04835 MHP.  The parties are currently scheduling the

5    deposition of Michael Greer.  (Declaration of Dale L. Allen, Jr., filed herewith ["Allen Dec."], ¶ 3.)

6    Accordingly, at issue now is whether to allow defendants three additional hours to complete the

7    deposition of Carlos Reyes, and to allow the same additional time for the deposition of Michael Greer

8    should the need arise.

9

In completing the depositions of Mr. Anicete and the two Messrs. Bryson within the

10   presumptive seven-hour limit of F.R.C.P. 30(d)(1), all defendants have shown that they are able to

11   coordinate their examination so as to cover all relevant points in a case of this magnitude, yet avoid

12   duplicative questioning and undue expense.  However, the defendants taking the depositions do not

13   control all aspects of the deposition's conduct.  Here, the defendants did not control Mr. Reyes' failure

14   to review any documents prior to his deposition and his testimony inconsistent with his prior

15   statements to police and investigators—especially on the critical issue of whether he believed

16   defendant Mehserle's shooting of decedent Oscar Grant to be an accident.  These factors necessitated

17   additional time in refreshing Mr. Reyes' memory and exploring the reasons for the inconsistencies.

18   Furthermore, the illness of Mr. Rains was completely unforeseeable, and since Mr. Reyes' did not

19   remember many details of the actual shooting and gave testimony in conflict with prior statements,

20   examination by Mr. Rains, counsel for Mr. Mehserle, is especially crucial to Mr. Mehserle's defense.

21   Accordingly, the Court should allow three additional hours of time, on a day to be determined among

22   the parties, for Mr. Reyes' deposition.

23

All defendants intend to coordinate their examination of Mr. Greer to remain within the

24   presumptive seven-hour, one-day limit, as they have done for three other *Bryson* plaintiffs.  However,

25   given the possibility that similar issues may arise in Mr. Greer's deposition, Defendants request that

26   this Court allow three additional hours for that deposition in advance in order to avoid the need for

27   further recourse to the Court.

28   ///

-2-

BART AND CHIEF GEE'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO ALLOW ADDITIONAL TIME FOR DEPOSITIONS (F.R.C.P. 30(d)(1))

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-reply.doc                                                    Case No. C09-00901 MHP

1

## II.   **ARGUMENT**

2        Mr. Reyes was interviewed at least three times by police and investigators after the subject

3 incident but before his deposition.  (Transcript of the Deposition of Carlos Reyes, Exhibit A to Allen

4 Dec. filed herewith ["Ex. A"] at 58:5-60:3.)  He did not review the transcripts of any of those

5 interviews.  (*Id.*)  In addition, Mr. Reyes did not review any other documents, such as police reports or

6 photographs, to prepare for his deposition.  (Ex. A at 75:18-76:11.)  Defendants thus had to spend time

7 at the deposition refreshing Mr. Reyes' testimony about prior statements he had made.  (Ex. A at

8 125:16-128:23, 140:7-146:12, 184:18-189:11.)

9        In addition to Mr. Reyes' failure to review documents, he gave testimony that was inconsistent

10 with his prior statements.  For example, Mr. Reyes testified that he did not, on the day of the incident,

11 believe that the shooting of Oscar Grant was an accident, and that he could not remember ever telling

12 anybody he had thought that.  (Ex. A at 125:10-18.)  However, when interviewed by BART Police on

13 the night of the incident, Mr. Reyes stated that "someone accidentally got shot."  (Ex. A at

14 125:19-128:13.)  In addition, when detained by Hayward Police following an unrelated incident a few

15 weeks later, Mr. Reyes purportedly stated that the Grant shooting was an accident.  (Ex. A at

16 140:14-146:9.)  Mr. Reyes also acknowledged inconsistencies regarding the fight that occurred on the

17 train prior to the incident on the platform.  (Ex. A at 226:8-228:14.)  The reason Mr. Reyes provided

18 for many such inconsistencies—that he lied in his prior statements—required further examination on

19 both his explanation for the lies and on the exact portions of his prior statements that were true or false.

20 (*See* Ex. A at 128:14-130:22, 140:14-147:20, 221:1-222:23, 223:25-228:23.)

21        Mr. Reyes' unanticipated testimony regarding the immediate aftermath of the shooting is

22 especially critical because it bears on a major issue in both this case and the pending murder

23 prosecution against defendant Mehserle: whether the shooting was intentional.  At deposition, Mr.

24 Reyes testified that, immediately after the shooting, Messrs. Mehserle and Pirone whispered to each

25 other, and that he did not remember seeing how Mr. Mehserle looked.  (Ex. A at 119:8-17, 123:18-23.)

26 He further testified that he did not, on the day of the incident, believe that the shooting of Oscar Grant

27 was an accident, and that he could not remember ever telling anybody he had thought that.  (Ex. A at

28 125:10-18.)  However, Mr. Reyes told BART Police that night that "someone accidentally got shot."

BART AND CHIEF GEE'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO ALLOW ADDITIONAL TIME FOR DEPOSITIONS (F.R.C.P. 30(d)(1))

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-reply.doc                                                    Case No. C09-00901 MHP

(Ex. A at 125:19-128:13.)  Moreover, according to a report of the Hayward Police, Mr. Reyes told one of its officers a few weeks later:

> I saw the whole thing.  The officer did not shoot him on purpose.  It was an accident.  I saw the look on the officer's face.  It was obvious he was shocked and in disbelief.  The gun just went off.  You could tell it was an accident.

(Ex. A at 146:2-12.)

Given these striking inconsistencies on an issue critical to both this suit and the pending criminal prosecution, the interests of defendant Mehserle would not be adequately represented by counsel for the other defendants.  As stated in Defendants' moving papers, to deprive Mr. Mehserle or his counsel of an opportunity to depose an important percipient witness such as Mr. Reyes would deprive counsel of his ethical obligation to provide his client a legally sufficient defense in this case, where the plaintiffs seek punitive damages for Mr. Mehserle's claimed intentional shooting of Mr. Grant.  (*See* Defendants' Motion to Allow Additional Time [Docket #49] at 9:7-11; *see* Declaration of Michael L. Rains in Support of Defendants' Motion to Allow Additional Time [Docket #52], ¶¶ 10-12.)  This is all the more true given Mr. Reyes' multiple inconsistencies, especially with respect to the issue at the heart of the claims against Mr. Mehserle.  Accordingly, Defendants respectfully request that their motion be granted.

///
///
///
///
///
///
///
///
///
///
///

-4-

BART AND CHIEF GEE'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO ALLOW ADDITIONAL TIME FOR DEPOSITIONS (F.R.C.P. 30(d)(1))

J:\1752\SF0208\Pleadings\Motion Compel Depos\M-compel-reply.doc                                    Case No. C09-00901 MHP

III.     **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that all defendants be allowed three additional hours to depose Carlos Reyes.  In addition, they request that all defendants be allowed a total of ten hours, excluding breaks, to depose Michael Greer should the need to examine him beyond the presumptive seven-hour limit arise.

Dated: January 15, 2010.

LOW, BALL & LYNCH

By_____/s/ Dale L. Allen, Jr._____
DALE L. ALLEN, JR.
LINDA MEYER
DIRK D. LARSEN
Attorneys for Defendants
BAY AREA RAPID TRANSIT DISTRICT and
GARY GEE in his official capacity as CHIEF OF
POLICE for BAY AREA RAPID TRANSIT
DISTRICT