1   Michael L. Rains (SBN 091013)
    Lara Cullinane-Smith (SBN 268671)
2   **RAINS LUCIA STERN, PC**
    2300 Contra Costa Blvd., Suite 500
3   Pleasant Hill, CA 94523
    Tel:  (925) 609-1699
4   Fax:  (925) 609-1690
5
    Attorneys for Defendant
6   JOHANNES MEHSERLE
7
8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11   **OSCAR JULIUS GRANT, JR.,**            )   CASE NO.:
                                             )   C 09-0901 MHP (Wanda Johnson)
12            Plaintiff,                     )   C 09-4014 MHP (Oscar Grant, Jr.)
                                             )   C 09-4835 MHP (Bryson, et al.)
13   vs.                                     )   C 10-0005 MHP (Caldwell)
                                             )
14                                           )
     **BAY AREA RAPID TRANSIT**              )
15   **DISTRICT (BART); GARY GEE, in his**   )   **DEFENDANT JOHANNES MEHSERLE'S**
     **official capacity as CHIEF OF POLICE** )  **MOTION FOR SUMMARY**
16   **for BART; JOHANNES MEHSERLE,**        )   **ADJUDICATION AND MEMORANDUM**
     **individually and in his official capacity as** )  **AND POINTS OF AUTHORITIES IN**
17   **a police officer for BART; ANTHONY**  )   **SUPPORT OF HIS MOTION FOR**
     **PIRONE, individually and in his personal** )  **SUMMARY JUDGMENT, in his capacity**
18   **capacity as a police officer for BART;** )  **as an individual and in his official capacity**
     **MARYSOL DOMENICI, individually and** )  **as a police officer for BART**
19   **in her official capacity as a police officer** )
     **for BART; and DOES 1-50, inclusive,**  )
20                                           )   Date:        March 14, 2011
              Defendants.                    )   Time:        2:00 p.m.
21                                           )   Courtroom:   15, 18th Floor
                                             )   Judge:       Hon. Marilyn Hall Patel
22                                           )
                                             )   Trial Date:  May 2, 2011
23                                           )
                                             )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27   _____        )

28

                                         i

1

**NOTICE OF MOTION AND MOTION**

2

TO THE COURT, PLAINTIFF OSCAR GRANT, JR., AND HIS ATTORNEYS OF

3

RECORD:

4

NOTICE IS HEREBY GIVEN THAT on March 14, 2011, at 2:00 p.m. in Courtroom

5

15 of the above-entitled Court, located at 450 Golden Gate Avenue in San Francisco,

6

California, Defendant JOHANNES MEHSERLE will, and hereby does, move the Court for an

7

order granting summary adjudication in his favor, and against Plaintiff Oscar Grant, Jr. on all

8

causes in the Complaint entitled *Oscar Grant, Jr. v. Bay Area Rapid Transit District*, Case No.

9

C09-04014.

10

This motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that

11

no genuine issue of material fact exists as to the above-mentioned claims, and Defendant is

12

entitled to judgment as a matter of law.

13

This motion is based on this Notice, on the Memorandum of Points and authorities

14

below, on the Declarations of Michael Rains and Michael Schott filed herewith and all exhibits

15

attached thereto, on all the pleadings and materials contained as part of the Court's file in this

16

matter, and on such oral and/or documentary evidence as may be presented at the hearing of

17

this motion.

18

**STATEMENT OF RELIEF SOUGHT**

19

Defendant seeks an order granting summary adjudication in his favor and against

20

Plaintiff Oscar Grant, Jr., as to Plaintiff on all causes in the Complaint entitled *Oscar Grant,*

21

*Jr. v. Bay Area Rapid Transit District*, Case No. C09-04014.

22

///

23

///

24

///

25

///

26

///

27

///

28

Grant vs. Bay Area Rapid Transit District, et al., Case No. C09-04014
DEFENDANT JOHANNES MEHSERLE'S MOTION FOR SUMMARY ADJUDICATION

# TABLE OF CONTENTS

**Page**

I.   STATEMENT OF THE ISSUES TO BE DECIDED ........................................1

II.   INTRODUCTION..............................................................................................1

III.   SUMMARY OF THE RELEVANT FACTS........................................................2

IV.   STANDARD OF REVIEW................................................................................5

V.   ARGUMENT ....................................................................................................5

    A.   PLAINTIFF CANNOT STATE A CLAIM BASED ON THE FOURTH
       AMENDMENT.................................................................................................5

    B.   PLAINTIFF CANNOT ESTABLISH THAT MEHSERLE VIOLATED
       GRANT'S FIRST OR FOURTEENTH AMENDMENT RIGHTS ..........................6

VI.   CONCLUSION ................................................................................................7

Grant vs. Bay Area Rapid Transit District, et al., Case No. C09-04014
DEFENDANT JOHANNES MEHSERLE'S MOTION FOR SUMMARY ADJUDICATION

1

## TABLE OF AUTHORITIES

2

**Constitutional Provisions**

3

First Amendment ......................................................................................................... 1, 6

4

Fourteenth Amendment ................................................................................................ 1, 6

5

Fourth Amendment ....................................................................................................... 1, 5

6

**Federal Statutes**

7

42 U.S.C. § 1983................................................................................................. 1, 5, 7

8

Fed. R. Civ. Pro. 56....................................................................................................... 5

9

**Federal Cases**

10

*Alderman v. United States,* 394 U.S. 165 (1969)............................................................ 5

11

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). ..................................................... 5

12

*Celotex Corp v. Catrett*, 477 U.S. 317 (1986) ................................................................ 5

13

*Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001)................................................... 6

14

*Lewis v. County of Sacramento,* 523 U. S. 833 (1998)...................................................... 6

15

*Mahach-Watkins v. Depee, et al.*, No. C05-1143, 2006 U.S. Dist Lexis 81121 (N.D. Cal. Oct. 24,

16

    2006) ...................................................................................................................... 5

17

*Moreland v. Las Vegas Metro Police Dept.*, 159 F.3d 365 (9th Cir. 1998) ...................................... 6

18

*Porter v. Osborn*, 546 F.3d 1131 (9th Cir. 2008) ......................................................... 6, 7

19

*Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990) ........................................... 5

20

*T.W. Electrical Service Inc. v. Pacific Electrical Contractors, Assoc.*, 809 F.2d 626 (9th Cir.

21

    1987) ...................................................................................................................... 5

22

*Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010) ........................................................ 6

23

24

25

26

27

28

Grant vs. Bay Area Rapid Transit District, et al., Case No. C09-04014
DEFENDANT JOHANNES MEHSERLE'S MOTION FOR SUMMARY ADJUDICATION

1

**I.      STATEMENT OF THE ISSUES TO BE DECIDED**

2

3

4

5

This motion presents the following issues for decision:  whether Defendant Johannes Mehserle is entitled to judgment as a matter of law as to Plaintiff Oscar Grant, Jr.'s claims of Violation of Civil Rights to Familial relationship under 42 U.S.C. § 1983, based on the First, Fourth, and Fourteenth amendments.

6

**II.     INTRODUCTION**

7

8

9

10

11

12

Mr. Grant's claims arise out of the events on the night of January 1, 2009.  On that night, Officer Pirone responded to a call about a fight on a BART train which was pulling into the Fruitvale Station. When Officer Pirone arrived, he observed several young men on the platform who matched the description of those that had been fighting.  He approached but all of them either moved back onto the train or moved away around a pillar. Pirone and his partner called for backup and detained several of the young men.

13

14

15

16

17

18

When Officer Mehserle arrived, he entered a chaotic and rapidly changing scene.  There were numerous people on the platform and a fully loaded train with doors open in the station. Several young men had been detained but were screaming epithets at the officers who had tasers out in order to maintain calm.  Officer Pirone instructed Mehserle to watch over four of the men who had been detained. At least two of them continued yelling epithets at the police, while other men, who were not yet detained, menaced other officers on the platform.

19

20

21

22

23

24

25

Pirone returned and ordered Mehserle to handcuff two of the detained men who Pirone announced were under arrest.  Mehserle first handcuffed Jack Bryson, Jr., who resisted briefly. Mehserle then attempted to put handcuffs on Oscar Grant, III ("Grant").  Grant resisted arrest and Officer Mehserle struggled to get him into handcuffs.  After several warnings, he told Pirone to stand back because he was going to tase Grant.  However, instead of pulling his taser, Officer Mehserle mistakenly pulled and fired his service weapon into the Grant's back.  Grant died as a result of the shot.

26

27

Grant's father personally brings claims for loss of familial relationship under 42 USC § 1983.  However, because there are no violations of Grant, Jr.'s rights, and because Grant, Jr. lacks

28

1

1  standing to bring some of the claims, all of Grant, Jr.'s claims must fail. As a result, summary

2  judgment is appropriate as to Mehserle on all counts asserted against him.

3  **III.    SUMMARY OF THE RELEVANT FACTS**

4        On the night of January 1, 2009, Oscar Grant and his friends were on a BART train

5  between the Lake Merritt and Fruitvale stations when Mr. Grant got into a fight with a white man.

6  (Anicete Depo. 98:10-12; 99:14-100:7.[1])  Johannes Mehserle, an officer with Bay Area Rapid

7  Transit (known as "BART"), was on duty and was partnered with Officer John Woffinden.

8  (Mehserle Test. 4118:18-21; 4120:5-7; Woffinden Test. 3536:15-16.[2])  Mehserle and Woffinden

9  responded to a call at the Fruitvale BART station regarding a fight, arriving on the platform at

10  approximately 2:08:37 a.m.  (Mehserle Test. 4126:23-26; 4127:1-23; Woffinden Test. 3542:26-

11  3543:8; Schott Test. 3792:9-11, June 23, 2010.)  When Mehserle initially arrived at the Fruitvale

12  station, he could hear yelling and screaming coming from the platform.  (Mehserle Test. 4128:16-

13  20.)  Mehserle ascended the stairs to the platform, where he observed BART Officers Marysol

14  Domenici and Anthony Pirone detaining a group of individuals against a wall.  (Mehserle Test.

15  4129:19-22; Woffinden Test. 3549:20-22.)

16        On the platform, BART passengers were yelling profanities and screaming at the officers.

17  (N. Bryson Depo. 137:15-18.[3])  The platform was loud and chaotic.  (Vargas Test. 1540:17-20;

18  Woffinden Test. 3550:7-9.)  People on the train were screaming, swearing and yelling at the

19  police.  (N. Bryson Depo. 137:20-24.)

20

21  [1] The relevant excerpts of the Deposition of Fernando Anicete, conducted on December 4, 2009,
22  is attached to the Declaration of Michael Rains as Exhibit B, and will be referred to throughout
   this pleading as "Anicete Depo." followed by the applicable page and line references.

23
   [2] The relevant excerpts from the Reporter's Transcript of the Criminal Trial conducted on June 1,
24  2010 to July 8, 2010  in the matter of *People v. Johannes Mehserle*, is attached to the Declaration
   of Michael Rains as Exhibit C, and will be referred to throughout this pleading as "[Witness]
25  Test." followed by the applicable page and line references.

26
   [3] The relevant excerpts from the Deposition Of Nigel Bryson conducted on December 11, 2009 is
27  attached to the Declaration of Michael Rains as Exhibit D and will be referred to throughout this
   pleading as "N. Bryson Depo." followed by the applicable page and line refrences.
28

Grant vs. Bay Area Rapid Transit District, et al., Case No. C09-04014
DEFENDANT JOHANNES MEHSERLE'S MOTION FOR SUMMARY ADJUDICATION

1    Three or four men were aggressively approaching Officers Domenici and Pirone and at

2  least one was swearing at them.  (Mehserle Test. 4129:22-28; 4130:1-5; Anicete Depo. 149:6-12.)

3  The individuals began taunting and yelling at Officers Domenici and Pirone and Mehserle told

4  one of them to get back.  (Mehserle Test. 4130:14-20; Anicete Depo. 155:20-22.)  Two of the

5  detained individuals, Jack Bryson and Nigel Bryson were yelling at the officers.  (N. Bryson

6  Depo. 126:1 131:9.)  Anicete and others were approaching the other offices and swearing at them.

7  (Anicete Depo. 165:21-21.)

8    Mehserle drew his taser because he saw that Officers Domenici and Pirone had theirs

9  displayed.  (Mehserle Test.  4133:4-5.)  Officer Pirone told Mehserle to watch the men detained

10 and walked away.  (Mehserle Test. 4134:4-5; Pirone Test. 2879:19-21, June 18, 2010.)  Mehserle

11 kept his taser trained on the detainees while Pirone was gone.  (Mehserle Test. 4135:2-4.)  Oscar

12 Grant, Nigel and Jack Bryson were upset and continued yelling.  (Anicete Depo. 173:10-174:14;

13 Mehserle Test. 4135:14-16.)

14   Officer Pirone returned and told Mehserle that "him and him" were to be arrested for

15 violating California Penal Code section 148.  (Pirone Test. 2888:15-21; J. Bryson Test. 3476:27-

16 28, June 22, 2010.)  Mehserle believed Pirone indicated that Grant and Jack Bryson were to be

17 arrested.  (Mehserle Test. 4206:21-23.)  Mehserle put his taser away to begin the handcuffing

18 process.  (Mehserle Test. 4209:16-17.)  Grant began to stand up.  (Mehserle Test. 4210:5-6.)

19 Mehserle placed his hand on top of Grant's head and Pirone assisted by forcing Grant down by

20 pushing on his shoulder. (Mehserle Test. 4210:12-14; Pirone Test. 2890:28-2891:1.)  As Grant sat

21 back down, Jack Bryson began to stand up.  (Mehserle Test. 4213:9-10.)  Mehserle pushed

22 Bryson back on his knees and told Bryson that he needed to start listening to commands or else he

23 would be tased.  (Mehserle Test. 4214:9-12; 4215:5-9.)  Mehserle then handcuffed Bryson

24 without any difficulty.  (Mehserle Test. 4217:6-7.)

25   Mehserle next moved to handcuff Grant.  (Mehserle Test. 4217:28-4218:1.)  Grant was on

26 his knees and Mehserle grabbed for Grant's hand.  (Mehserle Test 4218:11-14.)  Grant

27 immediately tensed up and pulled his hand away, breaking Mehserle's grip on Grant's hand.

28

3

1   (Mehserle Test. 4218:17-19.)  Grant moved forward and ended up lying on his stomach.  (Schott

2   Test. 3915:10-13.)  Mehserle tried to get hold of Grant's hands but they were beneath him, and

3   Mehserle tried to pull Grant's right hand out.  (Mehserle Test. 4221:15-16, 23-26; Meyer Test.

4   4530:1-3; Greer Depo. 87:20-25.[4])  Mehserle and Pirone repeatedly ordered Grant to give up his

5   hands.  (Mehserle Test. 4222:10-11; Pirone Test. 2908:13-21.)

6           Mehserle saw Grant's hand go into Grant's right front pant pocket.  (Mehserle Test.

7   4223:13-14.)  Mehserle was concerned because he knew people kept guns in their front pant

8   pockets.  (Mehserle Test. 4225:11-12.)  Mehserle made the decision to deploy his taser on Grant.

9   (Mehserle Test. 4225:19-21.)  Mehserle twice said, "I'm going to tase him."  (Mehserle Test.

10  4225:25-27; J. Bryson Test. 3496:17, 3504:11-12; Pirone Test. 2921:10-12.)  Mehserle stood up

11  in order to create the distance required for the taser to properly function, and focused on Grant's

12  back, where he intended to deploy the taser.  (Mehserle Test. 4227:4-9, 21-22.)

13          Mehserle had no conscious awareness that he was in fact grabbing for his firearm, rather

14  than his taser.  (Mehserle Test. 4228:22-26.)  Mehserle fired his firearm once at 2:11:03 AM.

15  (Mehserle Test. 4230:18-19; Schott Test. 3932:11-16.)

16          Following the shot, Mehserle said something to the effect of "Oh, shit, I shot him."

17  (Reyes Test. 2012:2-5.)  Mehserle put his hands to his head and looked shocked.  (Kierstead Test.

18  1968:7-9; 1971:3; Vargas Test. 1521:1-6; Caneva Test. 1843:1-22.)

19          Mehserle told Grant that he would be okay and asked for him to be calm.  (Mehserle Test.

20  4254:15-20.)  Mehserle tried to keep Grant's eyes open by continuing to speak with him.

21  (Mehserle Test. 4255:16-19.)  Mehserle put pressure on Grant's wound.  (Mehserle Test. 4256:1-

22  3.)  Also, Mehserle briefly put handcuffs on Grant and searched him for weapons.  (Mehserle

23  Test. 4256:16-21.)  After he searched Grant, Mehserle immediately removed the handcuffs.

24

25

26  [4] The relevant excerpts of the Deposition of Michael Greer, conducted on April 22, 2010 and
    November 2,2010, is attached to the Declaration of Michael Rains as Exhibit H, and will be
27  referred to throughout this pleading as "Greer Depo." followed by the applicable page and line
    references.

28

Grant vs. Bay Area Rapid Transit District, et al., Case No. C09-04014
DEFENDANT JOHANNES MEHSERLE'S MOTION FOR SUMMARY ADJUDICATION

1  (Mehserle Test. 4256:16-21.)  Officer Pirone called for medical assistance following the shot.

2  (Pirone Test. 2931:22-24.)

3  **IV.   STANDARD OF REVIEW**

4      Rule 56 of the Federal Rules of Civil Procedure mandates entry of summary judgment

5  where the moving party demonstrates that there are no genuine issues of material fact and that the

6  moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56 (c); *Celotex Corp v.*

7  *Catrett*, 477 U.S. 317, 322 (1986); *T.W. Electrical Service Inc. v. Pacific Electrical Contractors,*

8  *Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). The nonmoving party then must designate "specific

9  facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. If the

10  nonmoving cannot produce more than a "scintilla of evidence" or if the evidence is not

11  "significantly probative," then summary judgment must be granted. *Anderson v. Liberty Lobby,*

12  *Inc.,* 477 U.S. 242, 249, 251 (1986).

13  **V.   ARGUMENT**

14      To succeed on a claim brought under 42 U.S.C. § 1983, a plaintiff must show that

15  defendants acted under color of state law and that they deprived the plaintiff of a right secured

16  under the Constitution or under federal law.  *See Sanchez v. City of Santa Ana*, 936 F.2d 1027,

17  1038 (9th Cir. 1990).  Here, Plaintiff can establish no such claim.

18      **A.   PLAINTIFF CANNOT STATE A CLAIM BASED ON THE FOURTH AMENDMENT.**

19      As a matter of law, Plaintiff cannot assert a 42 U.S.C. § 1983 claim based on the Fourh

20  Amendment, which prohibits wrongful seizure and excessive and unjustified force.  Such claims

21  belong only to the person who is the subject of the actual violation.  *Mahach-Watkins v. Depee, et*

22  *al.*, No. C05-1143, 2006 U.S. Dist Lexis 81121 * 9 (N.D. Cal. Oct. 24, 2006).   "Fourth

23  Amendment rights are personal rights, which, like some other constitutional rights, may not be

24  vicariously asserted." *Alderman v. United States,* 394 U.S. 165, 174 (1969).  Because Grant, Jr.

25  cannot assert any facts which show he was personally the subject of a Fourth Amendment

26  violation by Mehserle, this claim must fail.

27  ///

28

Grant vs. Bay Area Rapid Transit District, et al., Case No. C09-04014
DEFENDANT JOHANNES MEHSERLE'S MOTION FOR SUMMARY ADJUDICATION

1

2

### B.   PLAINTIFF CANNOT ESTABLISH THAT MEHSERLE VIOLATED GRANT'S FIRST OR FOURTEENTH AMENDMENT RIGHTS.

3

It is clear under the law of the 9th Circuit that parents have a Fourteenth Amendment

4

interest in the companionship of their children.  *See Wilkinson v. Torres*, 610 F.3d 546, 554 (9th

5

Cir. 2010).  Similarly, some courts have found a corresponding First Amendment right to the

6

same.  *See Lee v. City of Los Angeles,* 250 F.3d 668, 685 (9th Cir. 2001).  Where parents are

7

deprived of this interest by official conduct which "shocks the conscious," a party can claim a due

8

process violation.  *Id.  See also Lewis v. County of Sacramento,* 523 U. S. 833, 847 (1998); *Porter*

9

*v. Osborn*, 546 F.3d 1131, 1136 (9th Cir. 2008).  Mere negligence does not meet the standard of a

10

substantive due process violation.  *Lewis,* 523 U.S. at 849.

11

There are two possible standards to determine whether the official conduct is so shocking

12

as to rise to the level of a violation: deliberate indifference or purposeful harm.  Deliberate

13

indifference is appropriate where the circumstances showed that "actual deliberation" by the

14

officer was practical.  *Wilkinson,* 610 F.3d at 554; s*ee also Porter,* 546 F.3d at 1137.  However, in

15

situations where officers are forced to make snap judgments because of evasive actions on the part

16

of the suspect or other escalation, "conduct may only be found to shock the conscience if he acts

17

with a purpose to harm unrelated to legitimate law enforcement objectives."[5]  *Id.*  Instead, the

18

"critical consideration [is] whether the circumstances are such that 'actual deliberation is

19

practical.'"  *Moreland v. Las Vegas Metro Police Dept.*, 159 F.3d 365, 372 (9th Cir. 1998)

20

(quoting *Lewis,* 523 U.S. at 851); see also *Porter,* 546 F.3d at 1137.

21

Here, it is uncontroverted that Mehserle was in the midst of a rapidly evolving situation.

22

He was on the platform less than two minutes before Pirone directed Mehserle to handcuff Grant

23

after announcing he was under arrest, during which time Grant and his friends were shouting

24

epithets at and menacing the officers.  It is also uncontroverted that Grant resisted arrest.

25

26

[5] Specifically, in *Lewis*, the Supreme Court found that the relevant inquiry is whether "force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm."  *Lewis,* 523 U.S. at 852-53.  Although relevant to the inquiry, intent is not central to the analysis of which standard should apply.  *Porter,* 546 F.3d at 1138.

27

28

6

1   Although ordered to put his arms behind his back, he removed his right hand from underneath him

2   and put it into his right front pocket.  After Mehserle announced his intention to tase Grant, Grant

3   rolled onto his right shoulder, with his left arm in the air, as if he was rolling to get off of the

4   ground.  This is exactly the kind of situation "in constant flux" which calls for the application of

5   the purposeful harm standard.  *Porter,* 546 F.3d at 1140.   "When an officer encounters fast paced

6   circumstances presenting competing public safety obligations, the purpose to harm standard must

7   apply." *Id.* at 1139.

8          Here, there is simply no evidence that Mehserle intended to act in any way other than to

9   subdue Mr. Grant in a manner consistent with his training and BART policy which permitted

10  officers to tase subjects who were physically resisting.  This is clearly supported by the evidence

11  that witnesses claim Mehserle vocalized his intent to "tase" Mr. Grant.  It is also supported by the

12  fact that Mehserle attempted to use thumb movements to get a taser out of it's holster, and, shot

13  only a single round, instead of multiple rounds, as taught to do with a firearm, and looked

14  shocked, thrusting his hands to his head, immediately after the shooting.

15         There are simply no facts which show that Mehserle had any intent to "harm, terrorize or

16  kill'" outside the legitimate law enforcement objective of securing Grant and restoring order to

17  the chaotic scene on the BART platform.  *See Porter*, 546 F.3d at 1141 *(citing Davis v. Township*

18  *of Hillside*, 190 F.3d 167, 174 (3rd Cir. 1999)).  Because this is a situation where the purposeful

19  harm standard applies, and because all the evidence shows that there was no such purpose,

20  Plaintiff cannot state a claim under § 1983 and summary judgment for Mehserle is appropriate.

21  **VI.    CONCLUSION**

22         Because Plaintiff cannot show facts which support any of his claims, Defendant Mehserle

23  respectfully requests that this Court grant his Motion for Summary Judgment.

24

25  Dated: February 7, 2011                      Respectfully submitted,
                                                 **RAINS LUCIA STERN, PC**
                                                 /s/       Michael L. Rains
26                                               _____
                                                 By:  Michael L. Rains
27                                               Attorneys for Defendant JOHANNES MEHSERLE

28

7