1
2
3
4
5                      UNITED STATES DISTRICT COURT

6                     NORTHERN DISTRICT OF CALIFORNIA

7

8   WANDA JOHNSON, *et al.*,                    No. C-09-0901 EMC

9            Plaintiffs,                        **CONSOLIDATED CASES**

10      v.                                      C-09-4014 EMC (Grant)
                                                C-09-4835 EMC (Bryson, *et al.*)
11  BAY AREA RAPID TRANSIT DISTRICT,            C-10-0005 EMC (Caldwell)
    *et al.*,
12                                              **ORDER GRANTING MOTION FOR**
            Defendants.                         **SUBSTITUTION OF PLAINTIFF; AND**
13  _____/        **DENYING DEFENDANTS' MOTION TO**
                                                **DISMISS PLAINTIFF CALDWELL'S**
14  AND RELATED ACTIONS.                        **CLAIMS**
    _____/
15                                              **(Docket Nos. 316, 319)**

16

17                       I.    **INTRODUCTION**

18          Pending before the Court is the motion to substitute Zephoia Smith (JohnTue Caldwell's

19  personal representative) for the deceased Plaintiff JohnTue Caldwell.  Also pending is the motion

20  brought by Defendants Marysol Domenici and Anthony Pirone to dismiss Caldwell's claims.  For

21  the following reasons, the motion to substitute is **GRANTED** and the motion to dismiss is

22  **DENIED**.

23              II.    **FACTUAL & PROCEDURAL BACKGROUND**

24          On July 15, 2011, Plaintiff JohnTue Caldwell was murdered in Hayward, California.  Docket

25  No. 316, at 2.  On April 19, 2012, Zephoria Smith, Mr. Caldwell's mother, filed notice of letters of

26  administration in this Court.  Docket No. 253.  The attached letters of administration appointed Ms.

27  Smith as the personal representative of Mr. Caldwell's estate.  *Id.* at 2.  For almost two years, no

28  objection was raised to Ms. Smith's involvement in this suit.  However, no formal motion to

substitute Ms. Smith for Mr. Caldwell was filed until March, 25, 2014, after Ms. Smith retained new

counsel.  *See id.*  The same day, Defendants Marysol Domenici and Anthony Pirone moved to

dismiss the claims brought by JohnTue Caldwell.  Defendants argue that Federal Rule of Civil

Procedure 25 requires dismissal of a plaintiff's claims where the plaintiff dies and no motion to

substitute is filed within 90 days.  Docket No. 319, at 2-3.

### III.   DISCUSSION

Federal Rule of Civil Procedure 25(a) governs the substitution of a party due to death.

Specifically, this provision provides, in relevant part:

> (1) *Substitution if the Claim is Not Extinguished*.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party of by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> . . . .
>
> (3) *Service*.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

In *Barlow v. Ground*, 39 F.3d 231 (9th Cir. 1994), the Ninth Circuit explained the

application of this provision.  The Court held that a "careful reading of the rule" and an

"understanding of its function" of Rule 25(a) demonstrated that the "rule requires two affirmative

steps in order to trigger the running of the 90 day period."  *Id.* at 233.  First, "a party must formally

suggest the death of the party upon the record."  *Id.*  It is not enough that a party's death be

referenced in court proceedings or pleadings.  *See Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir.

1990) (per curiam) ("Mere reference to a party's death in court proceedings or pleadings is not

sufficient to trigger the limitations period for filing a motion for substitution.").  Second, "the

suggesting party must serve other parties and nonparty successors or representatives of the deceased

with a suggestion of death in the same manner as required for service of the motion to substitute."

*Barlow*, 39 F.3d at 233.

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

1     Ms. Smith argues that a formal suggestion of death has been filed for purposes of Rule 25(a)

2   as no such filing was made by a party in this action.  The Court disagrees.  On one hand, courts have

3   noted that a formal suggestion of death may not be filed by the decedent's attorney, as they are not a

4   party.  *See, e.g.*, *U.S. v. Currency $11,331*, 482 F. Supp. 2d 873, 886 (E.D. Mich. 2007) ("Such a

5   motion must be filed by a party or the successors or representatives of the decedent, not an attorney

6   for a party acting on his own."); *Burgos-Yantin v. Municipality of Diaz*, 709 F. Supp. 2d 118, 122

7   (D.P.R. 2010) ("Rule 25 does not specify which party should file and serve a statement noting death,

8   however, 'once a party dies, his attorney has no authority to add anything to the record.").  Further,

9   the Ninth Circuit's *Burlow* decision does speak of the notice being filed by a "party."  However, Mr.

10   Caldwell's attorney was not the only individual to file the notice of administration and probate

11   issued by Alameda County Superior Court.  Ms. Smith – Mr. Caldwell's appointed personal

12   representative – filed her own notice on April 19, 2012.  Docket No. 253.  The plain text of Rule 25

13   recognizes that a suggestion of death may be filed by the decedent's successor or representative.  *See*

14   *Currency $11,331*, 482 F. Supp. 2d at 886; *see also All-Jundi v. Rockefeller*, 88 F.R.D. 244, 245

15   (W.D.N.Y. 1980).

16     Accordingly, the Court finds that Rule 25(a)'s 90 day period expired, at the latest, July 18,

17   2012.  This does not end the inquiry, however.  Rule 25's 90 day period can be extended if the

18   failure to file a timely substitution motion is the result of excusable neglect.  *See, e.g.*, *Scott v.*

19   *Vasquez*, No. CV 02-05296 GAF(AJW), 2009 WL 8725114, at *1 (C.D. Cal. Dec. 9, 2009) ("The

20   90-day period prescribed by Rule 25(a)(1) for filing a motion for substitution can be extended by the

21   court 'on motion made after the time has expired if the party failed to act because of excusable

22   neglect.'" (quoting Fed. R. Civ. P. 6(b)).  Excusable neglect is an equitable concept, and is "remedial

23   in nature and . . . must be liberally applied."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253,

24   1262 (9th Cir. 2010) (citation omitted).[1]  Accordingly, [a]bsent bad faith on the part of the movant or

25

26   _____

27     [1] While *Ahanchian* discussed the excusable neglect standard contained in Fed. R. Civ. P. 60,
   it is well settled that the excusable neglect standard in Federal Rule of Civil Procedure 6(b) and
   60(b) are to be applied identically.  *See Brady ex rel. Estate of Brady v. Hanger Orthopedic Group,*

28   *Inc.*, 348 F. App'x 325 (9th Cir. 2009) ("[T]he 'excusable neglect' test is the same under Rules
   60(b)(1) and 6(b) . . . .").

1   undue prejudice to the other parties to suit, discretionary extensions should be liberally granted."

2   *Nat'l Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977).

3          Applying the excusable neglect standard requires a court to balance four equitable factors:

4   (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact

5   on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

6   *Id.* at 1261.  No one factor is dispositive.  *See, e.g.*, *Doe 150 v. Archdiocese of Portland in Oregon*,

7   No. CV 08-691-PK, 2010 WL 5071203, at *1 (D. Or. Dec. 7, 2010).  Rather, the balancing of all

8   four factors is "left to the discretion of the district court in every case."  *Pincay v. Andrews*, 389 F.3d

9   853, 860 (9th Cir. 2004) (en banc).

10          The Court finds the excusable neglect standard is satisfied.  First, Defendants do not argue

11   that Ms. Smith has engaged in bad faith by filing the motion to substitute.  Second, while

12   Defendants argue that they suffer prejudice from this "untimely motion" because "[o]n the eve of

13   trial" they "neither know which claims of he Estate contends survive Caldwell's death, nor have

14   Defendants have been able to conduct additional discovery into whether Smith is a proper party

15   representative."  Docket No. 323, at 11.  The Court disagrees.  As their own argument recognizes,

16   Ms. Smith filed a suggestion of death almost two years ago.  Subsequent to the suggestion of death

17   being filed, Mr. Caldwell's former attorney (and his mother, Ms. Smith) participated in the

18   proceedings, including joint case management conference statements (Docket No. 256), case

19   management conferences (Docket No. 277), and the filing of a motion to withdraw as attorney

20   (Docket No. 279).  Still, at no time did Defendants raise any objection to Ms. Smith's (or Mr.

21   Caldwell's attorney's) participation in this case.  Similarly, Defendants have never raised an

22   argument that any of Mr. Caldwell's claims were extinguished by his death – for example by filing a

23   motion to dismiss or motion for summary judgment.  Accordingly, the Court finds that any

24   "prejudice" defendants have or will suffer is the result of their own inaction.  *Cf. In re Leisure, Inc.*,

25   400 B.R. 837 (Bankr. M.D. Fla. 2008) (applying similar excusable neglect standard and finding that

26   "Leisure was aware of Zurich's potential claim against it prior to and during the pendency of the

27   bankruptcy case.  To the extent that any prejudice would result to Leisure from Zurich being

28   permitted to file its claim, such prejudice is attributable to Leisure.").

**United States District Court**
For the Northern District of California

Further, the Ninth Circuit has noted that the fact that a party will have to defend a claim on its merits is not "prejudice" for purposes of the excusable neglect standard. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) ("The prejudice to the Postal Service was minimal. It would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have to reschedule the trial date. But such prejudice is insufficient to justify denial of relief under Rule 60(b)(1).").

Next, as to the "reason for delay" for the motion to substitute, it appears that any delay is the result of inadvertence or mistake by either Ms. Smith's first attorney or Ms. Smith herself, rather than a deliberate ploy or tactical decision.[2] Defendants cite extensive case law from outside the Ninth Circuit which have held that "misreading or misapprehension of the governing rule" does not establish excusable neglect for purposes of Rule 25. *See, e.g.*, *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005). However, the Ninth Circuit has expressly rejected a *per se* rule against "attorney neglect" constituting "excusable neglect." In *Pincay*, an en banc panel of the Ninth Circuit, while noting that a "lawyer's mistake of law in reading a rule of procedure is not a compelling excuse," rejected the argument that such a mistake could never constitute excusable neglect. *Pincay*, 389 F.3d at 860. There are multiple published Ninth Circuit cases finding a lawyer's negligence, inadvertence, or mistake sufficient for a finding of excusable neglect. *See, e.g.*, *Ahanchian*, 624 F.3d at 1261 (excusable neglect where attorney misread the applicable deadline because of a "calendaring" mistake); *Bateman*, 213 F.3d at 1225 (excusable neglect shown where attorney failed to file a timely opposition to a motion because of jet lag and failure to review his mail). Finally, while delay between when the motion to substitute should have been filed and when it actually was filed is substantial – almost two years – the Court concludes that this factor does not require denial of the motion to substitute.

///

///

---

[2] Additionally, at least some of the delay is attributable to Ms. Smith's current attorney relying on representations by Ms. Smith and her former attorney that Ms. Smith had been substituted in as a plaintiff and failure to realize that the strictures of Rule 25 were not followed. Declaration of Jessica Barsotti ¶ 2, 3 (Docket No. 324-4).

## IV.   <u>CONCLUSION</u>

Ultimately, given the lack of any bad faith on the part of Ms. Smith, the lack of any actionable prejudice to Defendants, and the nature of the mistake underlying the failure to timely file a motion to substitute, the Court finds Ms. Smith has established excusable neglect.  Accordingly, the motion to substitute will be **GRANTED** and Defendants' motion to dismiss **DENIED**.

This order disposes of Docket Nos. 316 and 319.


IT IS SO ORDERED.


Dated:  April 10, 2014

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California