United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA JOHNSON, *et al.*, | No. C-09-0901 EMC |
| Plaintiffs, | **CONSOLIDATED CASES** |
| v. | C-09-4014 EMC (Grant) |
| BAY AREA RAPID TRANSIT DISTRICT, *et al.*, | C-09-4835 EMC (Bryson, *et al.*) <br> C-10-0005 EMC (Caldwell) |
| Defendants. _____/ | **ORDER RE DISCOVERY DISPUTE** <br><br> **(Docket No. 331)** |
| AND RELATED ACTIONS. _____/ | |

      Pending before the Court is a discovery dispute that has arisen between Defendant Pirone and Plaintiff Oscar Grant, Jr. Counsel for Plaintiff has noticed the deposition of John Polito – Defendant's expert – for April 21, 2014 at 10:00am in San Francisco, California. *See* Dkt. No. 329. Defendant requested either that (1) Plaintiff pay for Mr. Polito's airfare costs and reasonable travel time or (2) permit Mr. Polito to appear via videoconference from Burbank, California. Dkt. No. 328. Plaintiff's counsel denied both requests, stating that "Plaintiff will pay Mr. Polito for his time spent in responding to deposition questions and nothing more." Dkt. No. 329, at 1.

      Federal Rule of Civil Procedure 26(b)(4)(E) governs the payment of expert expenses incurred in responding to discovery. In relevant part, this provision provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to" depositions. *See* Fed. R. Civ. P. 26(b)(4)(E).

The Court **ORDERS** Plaintiff to pay Mr. Polito's reasonable travel fees and expenses. Courts have consistently held that such expenses are covered by Rule 26(b)(4)(E). *See, e.g.*, *Stewart v. City of Houston*, No. H-07-4021, 2010 WL 1524015, at *1 (S.D. Tex. Apr. 14, 2010) (recognizing that the fees allowed under Rule 26 "include time spent in preparing for the deposition, in traveling to the deposition, and in the deposition"); *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *4 (N.D. Ill. Jan. 23, 2007) ("Travel costs are also recoverable [under Rule 26]."); *Handi-Craft Co. v. Action Trading, S.A.*, No. 4:02 CV 1731 LMB, 2003 WL 26098543, at *16 (E.D. Mo. Nov. 25, 2003) ("In this manner, expenses incurred during travel are compensable under Rule 26(b)(4)(C) so long as they are reasonable."); *McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997) ("It would seem logical that if an expert witness is brought to the moving attorney instead of the attorney going to the witness, the witnesses' travel expenses should be paid by the moving party."); *Bonner v. American Airlines, Inc.*, No. 96CIV.4762, 1997 WL 802894, at *1 (S.D.N.Y. Dec. 31, 1997) ("[T]he weight of authority appears to hold that Rule 26(b)(4)(C) permits recovery of fees for an expert's travel time and preparation time in connection with a deposition, along with the expert's out-of-pocket expenses.").

The parties are further reminded that this Court's standing order requires that the parties meet and confer regarding discovery matters *in person* or, if good cause is shown, by telephone. Meet and confer via letter, e-mail, or the like will not be accepted in the future.

IT IS SO ORDERED

Dated: April 16, 2014

_____
EDWARD M. CHEN
United States District Judge

2