**WILLIAM R. RAPOPORT, ESQ. [SBN 47086]**
**LAW OFFICES OF WILLIAM R. RAPOPORT**
643 Bair Island Road, Suite 400
Redwood City, CA  94063
Tel:  (650) 365-7710
Fax:  (650) 572-1857
williamrapoport@yahoo.com

Attorneys for Defendant, ANTHONY PIRONE,
Individually and in his personal capacity as a
police officer for the Bay Area Rapid Transit District

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA JOHNSON, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>BAY AREA RAPID TRANSIT DISTRICT; GARY GEE, in his official capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT (BART); DOROTHY DUGGER, in her official capacity as GENERAL MANAGER for BART; JOHANNES MEHSERLE, individually and in his official capacity as a police officer for BART; ANTHONY PIRONE, individually and in his personal capacity as a police officer for BART; MARYSOL DOMENICI, individually and in her official capacity as a police officer for BART; JON WOFFINDEN individually and in his official capacity as a police officer for BART; EMERY KNUDTSON individually and in his official capacity as a police officer for BART; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:  C09-00901 EMC<br><br>Consolidated Cases:<br>C09-04014 EMC  (Oscar Grant, Jr.)<br>C09-04835 EMC (Bryson, et al.)<br>C10-00005 EMC (Caldwell)<br><br>**DEFENDANT ANTHONY PIRONE'S TRIAL BRIEF**<br><br>Trial Date: June 9, 2014<br>Time: 8:30 A.M.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

1

The only remaining claims against Anthony Pirone in this matter are those alleged by Johntue Caldwell. All claims alleged in the Bryson Complaint (Case No. C 09-4835 MHP, Doc. 1), and the Johnson Complaint (Case No. C 09-0901 MHP, Doc. 1) were either dismissed on Motion for Summary Judgment or through settlement. (See Dkt No. 64; Dkt. No. 207 (Patel Order); Dkt. No. 229; Dkt. No. 338 [Bryson notice of settlement])

## I.   PIRONE'S THEORY OF THE CASE

Caldwell has claims outstanding against Pirone for violation of his Fourth Amendment right to be free of unlawful seizure and arrest, and for violation of his Fourth Amendment rights to be free of use of excessive force, and related claims under California Civil Code § 52.1.

The Caldwell Complaint (Case No 3:10-CV-000005 Docket No. 1 [the "Caldwell Complaint']) alleges only that Officer Pirone made his way onto the Fruitvale station platform and that unnamed "Officers" ordered the train to leave the station. (Caldwell Complaint at ¶¶ 17, 23.) The only wrongdoing alleged is by Officer Marysol Domenici. (Caldwell Complaint ¶¶ 18-23.) There are no allegations that Pirone had any involvement with Caldwell whatsoever and no evidence would support such a contention at this late date.

Pirone contends that Caldwell will be unable to present a prima facie case to support any of the claims against him. Before his death, Caldwell gave only three statements: one to an investigator hired by John Burris a few days after the incident; his deposition; and a signed declaration provided in response to Domenici's Motion for Summary Adjudication.[1] In his testimony at his Deposition, Caldwell claimed that Domenici was on the platform when the train arrived that that Pirone was the "second" officer to arrive. (Caldwell Depo. at 55:24-56:4; 56:12-18; 60:2-3.) He then alleged that Pirone said "nothing" to him at all. (Caldwell Depo. at 61:10-18; 109:18-24; 156:18-19.) While Pirone was arresting Greer, Caldwell could not hear him and was "just looking" at what was happening, and Caldwell did not interact with Pirone. (Caldwell Depo. at 64:21-65:2; 65:14-18; 66:5-7; 106:14-18.) He did not remember Pirone ever pointing his Taser at anyone at all, much less himself. (Caldwell Depo. at 177:4-6.) He

---

[1] Caldwell did not testify at any of the Mehserle criminal proceedings. (Caldwell Depo. at 101:24-102:9.)

2

Bryson et al. vs. Bay Area Rapid Transit District, et al., Case No. C09-04835   DEFENDANT ANTHONY PIRONE'S TRIAL BRIEF

then alleged Domenici tried to detain him.[2] (Caldwell Depo. at 74:18-25.) He never makes any allegation that Pirone tried to detain him or assaulted him in any way. (See Caldwell Depo. at 77:7 to 82:22.) Indeed, he testified that, after the shooting, Pirone was helping Oscar Grant, III while Domenici was "detaining" him. (Caldwell Depo. at 85:7-12.) Caldwell's declaration is similarly bare of any statement that Pirone had any verbal or physical contact with him whatsoever. (Dkt. No. 174-1, Caldwell Declaration.) Caldwell's interview also contains no allegations at all that Pirone had any contact with him. (Caldwell Investigator Interview Transcript, attached to the Declaration of Willam Rapoport as Exhibit A.)[3]

In his Motion in Limine, Caldwell demands that "only evidence relevant to the seizure and detention of [Caldwell] is admissible," but that seizure occurs only through physical force or a show of authority. (Caldwell Motion in Limine at 2:27-28; 3:1.) Caldwell then admits that the only direct contact he had with any officer was with Domenici. (Caldwell Motion in Limine at 3:21.)

Nor had Caldwell ever made any allegation or presented any evidence that Pirone was the one who "set in motion" the events that caused his detention or was an integral participant in them. First, Caldwell claims that Domenici, not Pirone, was the first on the scene. Assuming such fact to be true, this would mean that Domenici, not Pirone, set the events in motion at the very beginning. Caldwell also does not allege that Pirone knew or should have known any of Pirone's actions would cause an alleged depravation of Caldwell's rights. (See *Hernandez v. City of Napa*, No. C-09-02782 EDL, 2010 WL 4010030 at *12 (N.D. Cal. Oct. 13, 2010.) This is especially true because the alleged acts of Domenici, as set forth by Caldwell, would have operated as an intervening cause sufficient to break the chain of causation. Thus, there is no evidence that Pirone was more than a bystander to the conduct that allegedly caused Caldwell's

---

[2] Pirone does not agree that Caldwell's testimony is accurate or that there was any depravation of Caldwell's rights by any officer, including Marysol Domenici.

[3] Even Domenici was granted summary judgment on Caldwell's claims for use of excessive force. Thus, Pirone contends that as a matter of law, he cannot be held liable for Domenici's alleged use of force when she herself was granted qualified immunity.

3

Bryson et al. vs. Bay Area Rapid Transit District, et al., Case No. C09-04835 DEFENDANT ANTHONY PIRONE'S TRIAL BRIEF

depravation of rights under §1983 and no allegation that Pirone even witnessed any of that alleged conduct.

Because there is no evidence that Pirone had any contact with Caldwell, and because Caldwell contends that Domenici was the only one who had contact with him, and cannot show any other basis for the claims against him, Pirone cannot be held liable for any depravation of Caldwell's rights under § 1983. *See Hopkins v. Bonvicino*, 573 F. 3d 752, 770 (9th Cir. 2009). Therefore, Pirone here by requests that the Court dismiss the claims against him by Caldwell pursuant to the authority in Fed. Rule. Civ. Pro. 16(c)(2)(A), which allows the Court to eliminate frivolous claims at the pretrial conference.

## II.   KEY EVIDENCE

The key evidence supporting Pirone's theory of the case are the Statement of Caldwell to the Investigator, Caldwell's Declaration, Caldwell's deposition, and the video short by non-party witness Dewar, as well as experts Michael Schott and David Rose and their analysis of the videos and actions by Domenici. If the claims are not dismissed at the pre-trial stage, other evidence will be the testimony of both party and non-party witnesses present on the platform that evening including Marysol Domenici and Emery Knudson.

## III.   CONCLUSION

Because there is no evidence that Pirone had any contact whatsoever with Caldwell or any responsibility for his alleged detention, Pirone requests that the frivolous claims against him be dismissed pursuant to Fed. Rule. Civ. Pro. 16(c)(2)(A).

Dated: May 13, 2014                Respectfully submitted,


LAW OFFICES OF WILLIAM R. RAPOPORT


By: _____
    William R. Rapoport
    Attorneys for Defendant
    ANTHONY PIRONE

Bryson et al. vs. Bay Area Rapid Transit District, et al., Case No. C09-04835  DEFENDANT ANTHONY PIRONE'S TRIAL BRIEF