```
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104
```

1  DALE L. ALLEN, JR., State Bar No. 145279
   dallen@aghwlaw.com
2  KEVIN P. ALLEN, State Bar No. 252290
   kallen@aghwlaw.com
3  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
4  San Francisco, CA 94104
   Telephone:     (415) 697-2000
5  Facsimile:     (415) 813-2045

6  Attorneys for Defendants
   BAY AREA RAPID TRANSIT DISTRICT; GARY GEE in
7  his official capacity as CHIEF OF POLICE for BAY AREA
   RAPID TRANSIT DISTRICT; DOROTHY DUGGER in
8  her official capacity as GENERAL MANAGER for BAY
   AREA RAPID TRANSIT DISTRICT; EMERY
9  KNUDTSON individually and in his official capacity as a
   police officer for BART; JON WOFFINDEN individually
10 and in his official capacity of a police officer for BART

11

12                     UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  WANDA JOHNSON, individually and as personal representative of the ESTATE of 16  OSCAR J. GRANT III, the ESTATE OF OSCAR J. GRANT III, SOPHINA MESA 17  as Guardian ad Litem of minor, T.G., <br><br> 18          Plaintiffs, <br><br> 19     v. <br><br> 20  BAY AREA RAPID TRANSIT DISTRICT; GARY GEE, in his official 21  capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT; 22  DOROTHY DUGGER, in her official capacity as GENERAL MANAGER for 23  BART; JOHANNES MEHSERLE individually and in his official capacity as 24  a police officer for BART; ANTHONY PIRONE, individually and in his official 25  capacity as police officer for BART; MARYSOL DOMENICI, individually and 26  in her official capacity as a police officer for BART; and DOES 1-50, inclusive, <br><br> 27          Defendants. | Case No.:     C 09-0901 EMC <br>                C 09-4014 EMC <br>                C 09-4835 EMC <br>                C 10-0005 EMC <br><br> Trial Brief <br><br> Hon. Edward M. Chen <br><br> Date:   June 9, 2014 <br> Time:   8:30 a.m. <br> Ctrm:   5, 17th Floor |

28

1

TRIAL BRIEF
C 09-0901 EMC

8657.1

## I. INTRODUCTION

This trial brief is filed on behalf of Defendant Gary Gee. Mr. Gee is a defendant in the matter of the Estate of Johntue Caldwell complaint. Mr. Gee is alleged, while acting as the chief of police for BART, to have supervisory liability for the actions of the defendant officers interaction with decedent Caldwell. The evidence is undisputed that Chief Gee was at the Lake Merritt police station at the time of the officer shooting, and that he was not made aware of that a BART officer was involved under supervisors had taken charge of the scene. It is also undisputed he never had any contact of any kind, actual or constructive, with decedent Caldwell.

## II. LIABILITY

The liability of Chief Gee can only stem from his direct involvement in the interactions between decedent Caldwell and officers at the scene. All allegations relating to municipal liability were dismissed by Judge Patel. Chief Gee remained in the case of the *Bryson et al* plaintiffs on the theory he was aware of their detention at Lake Merritt station so disputed facts existed as to what he could or should have done to abate their detention, and whether his failure to do so was unlawful.

Decedent Caldwell was not one of the detainees at the Lake Merritt station. He was allegedly a detainee at the Fruitvale station and assaulted at the Fruitvale station immediately after the shooting of Oscar Grant. He left the Fruitvale station within minutes of the shooting. The evidence is undisputed that Chief Gee was never at the Fruitvale station, and was unaware of the events that took place at the Fruitvale station, until after the train carrying decedent Caldwell had departed the Fruitvale station. It was only after the train left the station that he was first alerted the shooting involved a BART officer, and that subordinate officers in his chain of command, starting with sergeants, were at the scene and that within 30 minutes two commanders, Commanders Gibson and White, were at the scene and running the investigation.

Since liability can only accrue to Chief Gee for his direct supervisory role in any proven detention or assault on decedent Caldwell, Chief Gee will be making a motion for non-suit immediately on conclusion of plaintiff's opening statement since there is no evidence that he was at the Fruitvale station, nor giving orders by radio to offices at the station, directed at or involving

decedent Caldwell.

## III. CONCLUSION

Plaintiff has no evidence to support the continuing suit against Chief Gee. We are meeting-and-conferring with Caldwell's counsel, to see if Caldwell will dismiss Gee prior to trial.

Respectfully submitted,

Dated: May 13, 2014

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Dale L. Allen, Jr.*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
BAY AREA RAPID TRANSIT DISTRICT; GARY GEE in his official capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT; DOROTHY DUGGER in her official capacity as GENERAL MANAGER for BAY AREA RAPID TRANSIT DISTRICT; EMERY KNUDTSON individually and in his official capacity as a police officer for BART; JON WOFFINDEN individually and in his official capacity of a police officer for BART