United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA JOHNSON, *et al.*, | No. C-09-0901 EMC |
| Plaintiffs, | **CONSOLIDATED CASES** |
| v. | C-09-4014 EMC (Grant) |
| BAY AREA RAPID TRANSIT DISTRICT, *et al.*, | C-09-4835 EMC (Bryson, *et al.*) C-10-0005 EMC (Caldwell) |
| Defendants. | **ORDER TO SHOW CAUSE REGARDING CALDWELL'S CLAIMS AGAINST DEFENDANT GEE AND PIRONE** |
| AND RELATED ACTIONS. | |

The Court has reviewed the parties' pre-trial filings in this action. The parties have disputed whether Plaintiff Caldwell, through his personal representative Zeporia Smith, has a legally viable claim against Defendant Gary Gee – the former BART Chief of Police – and Defendant Anthony Pirone. Defendants Gee and Pirone have requested dismissal from the *Caldwell* action on the ground that they "had no verbal or physical contact with CALDWELL and, therefore, cannot be subject to any liability" under the Caldwell's remaining causes of action. Dkt. No. 344, at 24. Caldwell has declined to dismiss either Defendant.

It is not clear on what theory Caldwell is relying to hold Defendant Gee liable in his individual capacity. Caldwell does not even reference Defendant Gee in his trial brief. However, in the pretrial conference statement, Caldwell states: "The Caldwell complaint alleges . . . that Chief Gee was deliberately indifferent to his rights because of his failure to reassign Domenici and Pirone after learning of an alleged non-professional relationship between the two, and that Gee, Domenici

and Pirone violated his rights under California's 52.1 [sic]." *Id.* at 8.  Judge Patel has rejected this precise theory in dismissing the Plaintiffs' claims against BART under *Monell v. Department of Social Services of City of New York*, 436 U.S. 68 (1978).  Specifically, Judge Patel held:

> **c.** *Sanctioning Personal Relationships*
>
> Plaintiffs argue that BART was deliberately indifferent to the likelihood that permitting officers engaged in personal relationships to partner with one another on shifts would lead to unlawful conduct. There is simply, however, no basis in the record to support plaintiffs' assertions here.

*Johnson v. Bay Area Rapid Transit*, 790 F. Supp. 2d 1034 (N.D. Cal. 2011), *rev'd in part on other grounds* 724 F.3d 1159 (9th Cir. 2013).  Moreover, Caldwell has not clearly proffered evidence that shows any such indifference by Gee to the alleged relationship between Pirone and Domenici proximately caused Domenici to detain Caldwell.

      As to Defendant Pirone, Caldwell asserts "[b]oth Domenici and Pirone integrally participated in the unlawful detention of Caldwell."  Dkt. No. 344, at 10.  In his trial brief, Caldwell asserts that Pirone "integrally participated" in the alleged constitutional violation because "[a]ll of the activities of the police that night were precipitated by the illegal stop by Pirone.  Each and every officer on the platform on the day in question took their orders and information from Pirone."  Dkt. No. 376, at 14.  In other words, Caldwell seeks to hold Pirone liable for *Caldwell*'s alleged detention because "Pirone's actions in initiating an illegal stop and then ordering other officers to detain or arrest the subjects was integral participation in the illegal detention of Caldwell and the unlawful shooting of Grant."  *Id.* at 15.

      As this Court has previously noted, an individual may be held liable under § 1983 by "'setting in motion a series of acts by others that the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  *Johnson v. Bay Area Rapid Transit Dist.*, No. C09-0901 EMC, 2013 WL 6155266, at *6 (N.D. Cal. Nov. 22, 2013) (quoting *Hernandez v. City of Napa*, No. C09-02782 EDL, 2010 WL 4010030, at *12 (N.D. Cal. Oct. 13, 201)).  Caldwell's papers do not explain how Pirone's alleged constitutional violations vis-a-vis his other former co-Plaintiffs set in motion a series of acts by Domenici that he knew or reasonably should have known would have caused Domenici to violate Caldwell's constitutional rights.  There is no obvious proximate

causation between Pirone's allegedly illegal initial stop and Domenici's subsequent alleged detention of Caldwell after the shooting of Grant.

On the basis of the parties' pre-trial filings the Court is skeptical of Caldwell's ability to state a claim against either Defendant Gee or Defendant Pirone for the reasons stated above.  Retaining claims against Defendants without a factual and legal basis risks juror confusion.

Accordingly, Plaintiff Caldwell is **ORDERED TO SHOW CAUSE** why his remaining claims against Defendant Gee and Defendant Pirone should not be dismissed.  Caldwell's response shall be filed no later than **Friday, May 30, 2014** at **5:00pm**.  The response shall include citation to both legal authorities and *specific* factual evidence that Caldwell has to support his theory of liability.  This response shall not exceed 10 pages in length.  Defendants Gee and Pirone may file a response not to exceed 5 pages by **Monday, June 2, 2014** at **5:00pm**.

IT IS SO ORDERED

Dated:  May 26, 2014

_____
EDWARD M. CHEN
United States District Judge

3