# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

**WANDA JOHNSON., et al**

    **Plaintiffs**　　　　　　　　　　　　　　　　Case No. C09-0901

    -v-

**BAY AREA RAPID TRANSIT DISTRICT.,**

**et al.**

    **Defendants**

## MOTION FOR ISSUANCE OF SUBPOENAS

## <u>DUCES TECUM AD TESTIFICANDUM</u>

### <u>For Oscar Grant, Jr.</u>

Plaintiffs, through their undersigned counsel, move this Court for an order issuing subpoenas Duces Tecum Ad Testificandum to San Francisco County and to the California Department of Corrections respectively, to produce as plaintiff and witness for himself, Oscar Grant, Jr.

In support of their motion, plaintiff states:

1. This matter is set for trial commencing June 9, 2014at 9:00 a.m. in San Francisco, California, 450 Golden Gate Ave, San Francisco, CA Courtroom 5, Floor 17
2. This action arose from incidents that occurred when plaintiff's son Oscar Grant III was killed while by officers who were employed at BART at the Fruitvale BART Station. The requested witness is the victim's father seeking relief for loss of familial relations

3. Writs of Habeas Corpus ad Testficandum are authorized by 28 U.S.C. § 2441(c) (5). Persuasive authority comes from *Ballard v Spradley,* 557 F. 2d 476 (5th Cir. 1977).  In *Ballard*, the former 5th Circuit said:
    a. Judge Blackstone states habeas corpus is the "most celebrated writ in English law. Of these there are various kinds made use of by courts at Westminster, for removing prisoners from one court in to another for the easy administration of justice". The writ of habeas corpus ad testificandum, issued to secure the presence of a prisoner at trial for testimony, is among those listed. Id * 130.Congress authorized federal courts to issue writs of habeas corpus in the Judiciary Act of 1789. Justice Marshall, in *Ex Parte Bollman,* interpreted this section to encompass the authority to issue writs of habeas corpus ad testificandum. In *Ex Parte Dorr,* The United States Supreme Court concluded that the federal court's authority to issue the writ to secure the testimony of prisoners extended to those persons in the custody under a sentence or execution of a state court.
4. Court may use its discretion to issue writs. In exercising its discretion, the Court must consider "such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoners presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Ballard, supra,* 557 F. 2d at 480. The probability of success on the merits or the value of the case are not factors which may be considered *Ballard, supra,* 557 F. 2d at 480.

_____/s/ Waukeen McCoy\_\_\_\_

Waukeen  McCoy

San Francisco, CA 94103

Attorney for Plaintiff