**United States District Court**
For the Northern District of California

1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8   WANDA JOHNSON, *et al.*,                    No. C-09-0901 EMC

9              Plaintiffs,                      **CONSOLIDATED CASES**

10        v.                                    C-09-4014 EMC (Grant)
                                                C-09-4835 EMC (Bryson, *et al.*)
11  BAY AREA RAPID TRANSIT DISTRICT,            C-10-0005 EMC (Caldwell)
    *et al.*,

12                                              **ORDER DENYING PLAINTIFF'S**
           Defendants.                          **MOTION FOR LEAVE TO AMEND**
13  _____/           **AND DENYING MOTION FOR**
                                                **CONTINUANCE**
14  AND RELATED ACTIONS.
    _____/           **(Docket Nos. 413, 414)**
15

16

17          Currently pending before the Court is Plaintiff Oscar Grant, Jr.'s motion to amend his

18  complaint to permit him to state additional constitutional claims on behalf of his deceased son,

19  Oscar Grant, III as well as his motion for a two to three month continuance of the trial.  For the

20  following reasons, these motions are **DENIED**.

21                        **I.    FACTUAL BACKGROUND**

22          On May 19, 2014, counsel for Plaintiff Oscar Grant, Jr., Waukeen McCoy, submitted a letter

23  to the Court requested a two to three month continuance of the impending civil trial, set to begin on

24  June 9, 2014.  He states that "[a]fter substituting in on the case, I found that there are some

25  outstanding issues that were never brought before the Court and to which my client is entitled, and

26  should be properly presented to the Court."  Docket No. 404, at 1.  He further states that "[a]ny

27  reasonable attorney who has been on a case of this magnitude for a good month and a half would

28  request a continuance to adequately address the needs of his/her client."  *Id.* at 1-2.

**United States District Court**
For the Northern District of California

1    Pursuant to an order of the Court, Mr. McCoy filed a formal motion to continue the trial.

2    Docket No. 414.  The formal motion to continue clarified that the motion to continue was based on

3    Mr. McCoy's need (1) to look into "unresolved questions and issues to determine if Mr. Grant's

4    former attorney" competently and diligently represented his interests, or "was heavily influenced by

5    others," (2) the need to file an amended complaint to assert causes of action under federal and state

6    law that Mr. Grant's former attorney "strangely" failed to assert, and (3) the need to "review and

7    digest the voluminous pleadings, deposition testimony, numerous police reports, preliminary hearing

8    transcripts . . . , trial transcripts."  *See generally*  Docket No. 414-1, at 4.

9    On May 20, 2014, Plaintiff Oscar Grant, Jr. filed a motion for leave to file an amended

10   complaint.  Docket No. 413.  Plaintiff asserts that he has standing to serve as the personal

11   representative of Oscar Grant, III.  *Id.* at 11.  Oscar Grant, III's mother – Wanda Johnson – filed a

12   lawsuit, *Johnson v. Bay Area Rapid Transit District*, No. C-09-0901 EMC, on her behalf and in the

13   role as personal representative of Oscar Grant, III's estate.  Nonetheless, Plaintiff asserts:

14            Plaintiff, Oscar J. Grant, Jr., was not informed by [his ex-wife
         and former Plaintiff Wanda Johnson], his attorney, or any of the other
15       plaintiffs, that Wanda Johnson, Oscar Grant III's mother had
         nominated herself as the personal representative.  His former attorney,
16       Panos Lagos did not advise him of this fact and that he could also file
         an affidavit to serve as a personal representative, jointly with her or
17       severally by himself or that he could assert and prosecute claims and
         rights of his deceased son.

18

19   Docket No. 413, at 12.  Ms. Johnson settled the claims she brought on behalf of herself and the

20   Estate of Oscar Grant, III.  Plaintiff states that:

21            he does not know what claims were settled and what were not.  He
         was not consulted or informed of the settlement, he was not asked to
22       be present, he was not present and he had no part in any of the
         negotiations.  His former attorney did not inform him of these
23       negotiations and did not discuss any of them with him.  As soon as he
         found out that Wanda Johnson had settled all claims without him, he
24       discharged his former attorney and instructed his present attorney to
         take all necessary steps to protect his rights and interests.

25

26   *Id.* at 12.

27            Ms. Johnson's complaint was filed on March 2, 2009.  Plaintiff Grant, Jr.'s complaint was

28   filed on August 28, 2009.  The cases were consolidated on September 30, 2011.  Throughout the

**United States District Court**
For the Northern District of California

1  history of this case (including motions for summary judgment, appeal to the Ninth Circuit, and

2  settlement conferences), Plaintiff has litigated this case alongside Ms. Johnson.  Whereas Plaintiff's

3  initial complaint asserted a single cause of action for denial of familial relationship, the proposed

4  first amended complaint now seeks to assert seven causes of action: (1) two claims under 42 U.S.C.

5  § 1983 asserting violations of the Fourth, Fifth and Fourteenth Amendments based on unlawful

6  detention and excessive force theories; (2) a claim under 42 U.S.C. § 1983 alleging failure to

7  implement appropriate policies, customs, and practices; (3) a claim under 42 U.S.C. § 1983 based on

8  a false arrest theory; (4) a cause of action under various California Penal Code and California Civil

9  Code provisions for false imprisonment and negligent wrongful death; (5) assault and battery; and

10 (6) violation of Plaintiffs' right to familial relationship.  These claims are asserted against BART,

11 Gary Gee, Johannes Mehserle, Anthony Pirone, and Marysol Domenici.

12                    II.   <u>LEGAL STANDARD</u>

13        Federal Rule of Civil Procedure 15(a) provides that a court should "freely give leave [to

14 amend] when justice so requires."  Fed. R. Civ. P. 15(a)(3).  "Although the rule should be

15 interpreted with 'extreme liberality,' leave to amend is not to be granted automatically."  *Jackson v.*

16 *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).  The Court considers five

17 factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice

18 to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended

19 his complaint."  *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th

20 Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).  "Prejudice to

21 the opposing party is the most important factor."  *Jackson*, 902 F.2d at 1387.

22        Whether to grant a continuance is entrusted to the trial court's discretion.  *See Danjaq LLC v.*

23 *Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance

24 is given great deference, 'and will not be disturbed on appeal absent clear abuse of [the court's]

25 discretion.'" (citation omitted)).  Among the factors the Ninth Circuit uses to evaluate a district

26 court's denial of a continuance is "the extent to which granting the continuance would have

27 inconvenienced the court and the opposing party," and the "appellant's diligence in his efforts to

28 ready" his case prior to the date set.  *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).

**III.   DISCUSSION**

A.   Motion for Leave to Amend the Complaint

Here, the Court finds that two of the above stated factors favor amendment.  First, the Court finds that there is no indication that Plaintiffs' request to amend his complaint is motivated by bad faith.  Second, Plaintiff has not previously amended his complaint.  Each of the remaining factors, however, strongly weigh against permitting amendment.

First, Plaintiff has unduly delayed in bringing this motion to amend.  This case has been pending before this Court since August 2009.  The current trial date has been set since August 2013.  Docket No. 278.  Plaintiff has been represented by counsel throughout these proceedings.  He has, through his counsel, participated in this action and the settlement negotiations alongside the action brought by his ex-wife on behalf of Oscar Grant, III's estate and at no time has sought to amend his complaint to assert any claim other than his denial of familial relationship claim.[1]  Additionally, he has never objected to his ex-wife's asserting claims as the personal representative of Oscar Grant, III.  Now, on the eve of trial, Plaintiff seeks to amend his complaint to dramatically expand the scope of his claims and delay the trial accordingly.  *See, e.g.*, *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (no abuse of discretion in denying motion to amend where the motion was made "on the eve of the discovery deadline" and granting the motion would have "delay[ed] the proceedings"); *see also Hemingway v. Vessel Star Savannah*, 200 F.R.D. 572, 575 (E.D. Tex. 2001) ("[E]ntering a motion for leave to amend after discovery has been completed and on the eve of trial also constitutes undue delay sufficient to deny such a motion.").  There is no reason excusing Plaintiff's delay in asserting his putative right to prosecute the claims asserted in the

-----

[1] In his supplemental brief in support of his motion to amend the complaint, Plaintiff points out that the Ninth Circuit recognized that his complaint vaguely alluded to the "rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments" and then stated that if "Oscar Grant, Jr. intends to proceed with any theory other than a deprivation of familial companionship under the Fourteenth Amendment, the district court should determine whether he is entitled to assert such a claim under California's survival statute." *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1170 n.5 (9th Cir. 2013).  The original complaint does not assert that Plaintiff Grant seeks to appear as "personal representative" of Grant III's estate; nor does it appear to assert claims on Grant III's behalf.  The Ninth Circuit issued its opinion in this case on July 30, 2013.  In the approximately 10 months following the court's decision, Plaintiff has made no effort to express an intent to proceed with any claim other than his deprivation of familial relationship claim.

United States District Court<br>For the Northern District of California

United States District Court
For the Northern District of California

1    motion to amend.  To the extent Mr. Grant's prior counsel failed to assert claims or raise arguments

2    that his current counsel feels are important or should have been raised, it is now far too late to assert

3    them.  *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097 (9th Cir. 2006) ("A party will

4    not be released from a poor litigation decision made because of inaccurate information or advice,

5    even if provided by an attorney.").[2]

6         Second, as a result of this undue delay, granting the motion to amend would significantly

7    burden  the Court and prejudice the Defendants.  *See Minter v. Prime Equip. Co.*, 451 F.3d 1196,

8    1206 (10th Cir. 2006) ("The longer the delay, 'the more likely the motion to amend will be denied,

9    as protected delay, with its attendant burdens on the opponent and the court, is itself a sufficient

10   reason for the court to withhold permission to attend.'" (quoting *Steir v. Girl Scouts of the USA*, 383

11   F.3d 7, 12 (1st Cir. 2004)).  This case has been pending for approximately five years; the current

12   trial date was set August 9, 2013.  The Court has spent substantial time preparing for trial, including

13   reviewing thirty-one motions in limine, numerous evidentiary objections, and heavily disputed jury

14   instructions. Defendants have likewise spent resources and time drafting motions in limine and

15   preparing for trial based on the scope of trial defined by Plaintiff's assertion of only a claim under

16   the Fourteenth Amendment for denial of familial relationship.  Permitting amendment of Mr.

17   Grant's complaint at this late date would change the scope of trial and Defendants' preparation

18   therefore at the eleventh hour, days before trial, thereby inflicting substantial prejudice upon the

19   Defendants.  Perhaps most significantly, Defendants have already settled with the party who, until

20   the motion to amend was filed this week, everyone treated as the undisputed personal representative

21   of Oscar Grant, III.  Reopening claims settled with Johnson (and the Grant III estate) would

22   undermine the interests of finality.

23

24

25   _____

26        [2] The Court notes that Plaintiff's current counsel, Waukeen McCoy, was present and
     participated in the settlement negotiations which resulted in Ms. Johnson settling the estate's claim.

27   At the time of the settlement proceedings, he had been representing Plaintiff for over three weeks –
     more than enough time to, at very least, review the relevant complaints in the action and prior

28   summary judgment rulings and raise some objection to Ms. Johnson's status as personal
     representative or the nature of Grant Jr.'s claims.

1    Moreover, the proposed amendment would be futile.  The claims of Grant III estate have

2  been duly settled.  To avoid the settlement, Plaintiff argues that Defendants were aware of his

3  existence and failed to move to abate Ms. Johnson's action, and thus waived the so-called "single

4  action and one verdict" rule which would bar Plaintiff's asserted claims.  Plaintiff's argument is

5  based on California Code of Civil Procedure section 377.60, which generally provides that a "cause

6  of action for the death of a person caused by the wrongful act or neglect of another may be asserted

7  by any of the following persons or by the decedent's personal representative on their behalf" and

8  includes a list of individuals.  California courts have interpreted this statute as authorizing "only a

9  single action, in which all the decedent's heirs must join." *Romero v. Pac. Gas & Elec. Co.*, 156

10  Cal. App. 4th 211, 217 (2007).  There is an exception, to this rule, however:

11       An heir wholly omitted from a wrongful death action generally cannot
         bring a subsequent action for wrongful death.  The defendant cannot
12       be subjected to a second recovery by another heir 'of whose existence
         [the defendant] had no knowledge at the time of [the initial wrongful
13       death] action.' . . . However, if the defendant had *knowledge* of the
         omitted heir, but did not attempt to abate the action or join the heir, the
14       defendant waives the right to a single wrongful death action and may
         be subjected to a second wrongful death action by the omitted heir,
15       even after settlement of the original action.

16  *Smith v. Premier Alliance Ins. Co.*, 41 Cal. App. 4th 691, 697 (1995) (citation omitted).  Plaintiff

17  relies on this exception to argue that because Defendants were aware of Mr. Grant, Jr.'s existence

18  and status as an heir to Oscar Grant, III, their failure to seek abatement of Ms. Johnson's action

19  means they have waived the right to a "single wrongful death action."

20    Defendant's argument fails for two reasons.  First, the exception upon which Plaintiff relies

21  is simply inapplicable here.  Ms. Johnson did not bring the wrongful death action simply as "an heir"

22  to the Oscar Grant, III, estate.  Rather, she brought the claims as the "personal representative" of the

23  estate.  A personal representative "may maintain [a wrongful death] action on behalf of the heirs –

24  i.e., as a 'statutory trustee to recover damages for the benefit of the heirs.'" *Adams v. Superior*

25  *Court*, 196 Cal. App. 4th 71, 77 (2011) (quoting *Ruiz v. Santa Barbara Gas & Elec. Co.*, 165 Cal.

26  188, 192 (1912)).  Significantly, the California Court of Appeal has recognized that "[e]*ither* the

27  decedent's personal representative on behalf of the heirs *or* the specified heirs . . . may assert the

28  wrongful death claim – *but not both*." *Id.* (emphases added).  In fact, the California Code of Civil

**United States District Court**
For the Northern District of California

1   Procedure expressly provides that a personal representative "may sue without joining as parties the

2   persons for whose benefit the action is prosecuted."  Cal. Code of Civ. Proc. § 369(a)(1); *see also*

3   *Adams*, 196 Cal. App. 4th at 77 ("As the plaintiff is suing as the decedent's personal representative

4   on behalf of the heirs, she cannot join the heirs as a party.").  Accordingly, because Ms. Johnson

5   sued in her capacity as the personal representative of Oscar Grant, III's estate, she was under no

6   obligation to join all potential heirs as a plaintiff, and the Defendants' failure to move to abate the

7   action does not constitute "waiver."

8        Second, and more fundamentally, Plaintiff's argument relates to his ability to assert claims

9   under the *wrongful death* statute.  However, most (if not all) of the claims Plaintiff seeks to assert in

10  his amended complaint are survival claims that belong to the Estate of Oscar Grant, III.  *See Dela*

11  *Torre v. City of Salinas*, No. C-09-00626 RMW, 2010 WL 3743762 (N.D. Cal. Sept. 17, 2010)

12  ("Unlike a wrongful death cause of action, a survival cause of action is not a new cause of action

13  that vests in heirs on the death of the decedent, but rather is a separate and distinct cause of action

14  which belonged to the decedent before death but, by statute, survives the event.").  For example,

15  "survivors of an individual killed as a result of an officer's excessive use of force may assert a

16  Fourth Amendment claim *on that individual's behalf if the relevant state's law authorizes a survival*

17  *action*."  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (emphasis

18  added).  Critically to this case, under California law, it is the personal representative of the estate

19  who has standing to assert such survival claims – only if there is no personal representative is a

20  "successor in interest" permitted to prosecute the action.  *See, e.g.*, *Tatum v. City & County of San*

21  *Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) ("Where there is no personal representative for

22  the estate, the decedent's 'successor in interest' may prosecute the survival action . . . ."); *see also*

23  *Johnson v. Cal. Dep't of Corr. & Rehab.*, No. 1:09-CV_00502-OWW_SMS, 2009 WL 2425073, at

24  *6 (E.D. Cal. Aug. 7, 2009) ("Plaintiff can only bring suit as a successor in interest if there is no

25  personal representative.").  Again, as stated, Ms. Johnson asserted (and settled) the estate's survival

26  claims – including those claims Plaintiff now seeks to assert in his amended complaint.

27        Finally, the Court notes that California Probate Code § 8402 describes individuals who are

28  ineligible to be appointed as a personal representative.  One of the grounds is "The person is subject

United States District Court

For the Northern District of California

1  to a conservatorship of the estate or is otherwise incapable of executing, or is otherwise unfit to

2  execute, the duties of the office."  There is a serious question whether Plaintiff, who is incarcerated

3  in a medium security prison, is capable of executing the duties of office of personal representative

4  under Section 8402. *See Moore v. Clark*, No. B221585, 2011 WL 5079507 (Cal. Ct. App. Oct. 26,

5  2011) (unpublished op.)  ("His petition [to be appointed administrator] was denied on the ground

6  that under Probate Code section 8402 . . . 'as an indigent prisoner [he] would likely be incapable of

7  executing  . . . the duties of the office.'  We affirmed the probate court's decision denying Moore's

8  petition for letters of administration . . . .").

9  B.      Motion for a Continuance of the Trial

10          The Court finds that a continuance is not warranted to permit Mr. McCoy additional time to

11  get up to speed in this action.  This case has been pending before this Court since August 2009.  The

12  current trial date has been set since August 2013.  Docket No. 278.  Defense counsel, Mr. Caldwell's

13  counsel, and the Court have all organized their schedule around this four week trial.  On March 27,

14  2014, in seeking to be substituted in, Mr. McCoy represented to the Court that he would be ready

15  and prepared to proceed to trial on this date.  At the March 27, 2014 hearing, the Court stated: "Now

16  if there is a problem, Mr. McCoy, please let me know immediately, and we're going to have to

17  figure out what to do."  Mr. McCoy states he "took this to be a reasonable gesture from the Court

18  that if I had problems in substituting into the case or with preparation for the upcoming trial of June

19  9, 2014 to let the Court know."  Docket No. 444.  Mr. McCoy fails to appreciate the word

20  "immediately" used by the Court.

21          Mr. McCoy failed to immediately bring any issues regarding the trial schedule to the Court's

22  attention.  Rather, Mr. McCoy waited approximately a month and a half after his substitution before

23  filing his request for a continuance.  At no point before May 20, 2014 – mere days before the final

24  pre-trial conference and after counsel and the Court had invested *substantial* resources in preparing

25  for trial – did Mr. McCoy raise concerns about his ability to prepare himself for this action.  Mr.

26  McCoy argues that "posture of this case changed" in the interim (presumably because of the

27  settlement in the related actions).  However, these settlements occurred on May 2, 2014.  Mr.

28  McCoy filed no request for a continuance for an additional 17 days.  This Court ordered Mr. McCoy

1    to notify the Court "immediately" if he encountered problems.  The issues he now cites as

2    preventing him from adequately preparing – voluminous pleadings, deposition testimony, and the

3    like – all existed at the time he substituted into this case and represented to the Court he would be

4    prepared for trial.  Moreover, Mr. McCoy was well aware that other Plaintiffs desired to engage in

5    further settlement talks and were thus aware that he might have to try this case without riding the

6    "coattails" of other counsel.

7         Furthermore, the scope of Mr. Grant's case, if his complaint is not amended, is relatively

8    focused and narrowed to the conduct of one defendant and the issue for the jury is a discrete issue.

9    Many of the issues raised in Grant's pretrial brief are irrelevant to the claim that is to be tried.

10                            **IV.    <u>CONCLUSION</u>**

11        For the foregoing reasons, the Court denies Plaintiff Oscar Grant, Jr.'s motion to amend his

12   complaint and motion to continue the trial.  This action has been proceeding since August 2009 and

13   the trial will not be delayed any further.

14        This order disposes of Docket Nos. 413 and 414.

15

16        IT IS SO ORDERED

17

18   Dated:  June 2, 2014

19                                              _____
                                                EDWARD M. CHEN
20                                              United States District Judge

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California