United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA JOHNSON, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAY AREA RAPID TRANSIT DISTRICT, *et al.*,<br><br>    Defendants.<br>_____/<br><br>AND RELATED ACTIONS.<br>_____/ | No. C-09-0901 EMC<br><br>**CONSOLIDATED CASES**<br><br>C-09-4014 EMC (Grant)<br>C-09-4835 EMC (Bryson, *et al.*)<br>C-10-0005 EMC (Caldwell)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO QUASH RULE 45 SUBPOENA TO ANTHONY PIRONE**<br><br>**(Docket Nos. 452, 454)** |

Currently pending before the Court is Defendant Anthony Pirone's and Johannes Mehserle's motion to quash the Rule 45 subpoena that Plaintiffs Grant and Caldwell issued to Anthony Pirone. For the foregoing reasons, the motion to quash will be **GRANTED**.

## I. FACTUAL BACKGROUND

On May 23, 2014 – four days before the final pretrial conference order in this action – counsel for Plaintiff Johntue Caldwell filed a letter in which she relayed a dispute that had arisen between the parties regarding the availability of Defendant Anthony Pirone. Docket No. 431. She asserted that the parties had previously reached an agreement that Defense counsel would produce their clients – Defendants Johannes Mehserle, Marysol Domenici, and Anthony Pirone – at trial. *Id.* at 1. Thus, while the joint witness list filed in this matter only listed the Defendants' as "Defense Witnesses" (as opposed to joint witnesses), Caldwell's counsel asserted that the Plaintiffs' implicit understanding was that Defendants would be present and testifying at trial. *Id.* Defense counsel

1 disputes Plaintiff's account of the development of the witness list and argues that they believed
2 Plaintiffs' failure to list defendants on their witness list represented a strategic decision not call
3 either Pirone or Domenici in their case in chief. Docket No. 433.

4 Ultimately, what transpired in the creation of the witness list is less material[1] than what
5 occurred once Plaintiffs issued Rule 45 subpoenas to the Defendants, including Anthony Pirone,
6 requiring them to appear at trial and testify. Counsel for Oscar Grant Jr. issued the trial subpoena to
7 Pirone on the evening of May 22, 2014. Docket No. 453-1, 453-2. Upon receiving the trial
8 subpoena, Pirone's counsel contacted Pirone by telephone and "learned for the first time that he was
9 no longer in the county and [was] on active duty with a United States Army Special Forces Unit in a
10 top-secret location." Docket No. 453, at 2. Accordingly, Pirone's counsel informed Plaintiffs'
11 counsel that morning that Pirone would be unavailable to testify given this deployment.

12 The Court discussed this issue with the parties at length during the final pretrial conference.
13 Specifically, the Court pressed the Defendants as to the nature of Pirone's deployment and the
14 timeline as to when Defendants were aware of Pirone's unavailability. Similarly, the Court sought
15 to have the Plaintiffs describe the prejudice they would suffer if Pirone was not to testify live and
16 Plaintiffs were forced to rely on Pirone's prior testimony (either in his deposition or in Mehserle's
17 criminal proceedings). Finally, the Court discussed what, if any, sanctions should be imposed on
18 Defendants in light of Pirone's sudden (and last minute) unavailability. Ultimately, the Court
19 ordered Pirone to file a motion to quash the subpoena (1) laying forward his arguments why he
20 should not be required to testify at trial, and (2) providing, under seal, an unredacted copy of
21 Pirone's deployment orders.

22 Defendant Pirone has moved to quash Plaintiffs' subpoena. He argues that quashing the
23 subpoena is required because Pirone is (1) outside the geographical limits on the subpoena and (2)
24 unavailable for trial under the meaning of Federal Rule of Civil Procedure 32.

---

[1] The Court notes that the underlying witness list dispute reflects (1) an unfortunate lack of attention to the development of the pretrial filings in this case by both parties and (2) yet another example of the parties on both sides being unable to cooperate with each other.

## II. **DISCUSSION**

Under Rule 45(b), the power of a federal court to issue a subpoena on a United States national or resident in a foreign country is governed by 28 U.S.C. § 1783. *See* Fed. R. Civ. P. 45(b)(3) ("28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country").[2] This statutory provision provides (in relevant part):

> A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it . . . of a national or resident of the United States who is in a foreign country . . . if the court finds that particular testimony . . . is necessary in the interest of justice, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance . . . .

28 U.S.C. § 1783(a). Under this statute, a court may only issue a subpoena to a U.S. citizen in a foreign country where: (1) the particular testimony is necessary in the "interest of justice" and (2) it is not possible to obtain the witness's testimony in admissible form without his personal appearance. *See Balk v. N.Y. Institute of Tech.*, 974 F. Supp. 2d 147, 155 (E.D.N.Y. 2013); *see also Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd.*, 511 F.3d 437, 457 (4th Cir. 2007) ("In addition, 28 U.S.C. § 1783 authorizes subpoenas of an *American* citizen or resident 'who is in a foreign country' only upon a showing . . . 'that it is not possible to obtain his testimony in admissible form without his personal appearance . . . .'"). Whether to issue a subpoena under this statute is left to the sound discretion of the Court. *See MedImmunce, LLC v. PDL Biopharma, Inc.*, No. C08-05590 JF (HRL), 2010 WL 2179154, at *1 (N.D. Cal. 2010).

Applying this standard, the Court grants the motion to quash. Defendant Pirone has submitted to the Court, under seal, a redacted version of his deployment orders. Given the sensitive nature of the orders, the Court will not discuss them in detail. It is sufficient to say that the orders

---

[2] Pirone asserts that he is outside the subpoena power of the Court because he is "outside of California and outside of the United States." Docket No. 452, at 7. This statement is overbroad insofar as (1) the 2013 amendment to Rule 45 authorizes nationwide service of Rule 45 subpoenas and (2) issuance of subpoenas on U.S. nationals in foreign countries is authorized in limited circumstances as discussed herein. Moreover, Rule 45(c)(1)(B) provides that for a party (as opposed to a non-party witness), the subpoena may command the attendance at trial within the state where the party resides, is employed, or regularly transacts business.

reflect that Pirone was recently called up to active duty and deployed to a foreign country. Pirone is now in a foreign country. Accordingly, Plaintiffs' subpoena to Pirone must comply with § 1783. The question becomes, therefore, whether the information Plaintiffs seek from Pirone is obtainable in an admissible form without Pirone's personal presence. Under this prong of § 1783, courts ask whether it is "impractical" to obtain the information sought from the witness – sheer impossibility is not required. *MedImmune*, 2010 WL 2179154, at *1.[3] Here, it is not "impractical" for Plaintiffs to obtain the information they reasonably need from Pirone without his presence because (1) an extensive video deposition of Pirone has been taken on the facts underlying this action and (2) the Federal Rules expressly provide a vehicle for admission of this deposition testimony. Furthermore, Pirone testified under oath in Mehserle's criminal case. That testimony could be admissible as non-hearsay or as an exception to hearsay under certain circumstances.

Federal Rule of Civil Procedure 32 provides that the deposition of a witness may be used where a witness is "unavailable." Fed. R. Civ. P. 32(a)(4). A witness is "unavailable" when, among other things, the witness is "more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procure by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). For the same reasons discussed above, Pirone fits within the deposition of an "unavailable" witness. Plaintiff Oscar Grant, Jr., appears to dispute the exception to this definition insofar as he contends that Pirone's absence is "suspect on its face" and appears to be a "ploy by Defendant's to get an unfair advantage at trial." Docket No. 473, at 9. The Court disagrees. First, Pirone's attorney has stated that he did not know of his client's military service until May 22, 2014 when he contacted Pirone about the subpoena. Docket No. 453, at 2. Further, the order to deploy is dated shortly before the commencement of the deployment. There is nothing in the record that causes the Court to doubt the veracity of counsel's representation.

---

[3] A previous court has, in discussing the other prong under § 1783, that "'[t]estimony is necessary in the interest of justice if it is relevant under the liberal standards set forth in Federal Rule of Civil Procedure 26(b)." *MedImmune*, 2010 WL 2179154, at *1 (quoting *Securities & Exch. Comm'n v. Sabhlok*, No. C08-04238 CRB(JL), 2009 WL 3561523, at *3 (N.D. Cal. Oct. 30, 2009)). Here, this prong is met insofar as Pirone's testimony is clearly relevant.

Second, the nature of the deployment orders in this case convinces the Court that the unavailability of Pirone at this time is genuine and not "suspect."

Plaintiff Oscar Grant, Jr. argues that he will be unduly prejudiced by needing to rely on Pirone's prior deposition because (1) he, as a counsel new to this case, must now rely on "thousands and thousands of pages of prior testimony by Pirone in which he makes inconsistent statements"; (2) he never had the opportunity to depose him; and (3) there are a number of questions he would have asked Pirone that were not asked. While Pirone's absence may be inconvenient, and it would surely be preferable to him testify live, the Court finds that neither Plaintiff in this matter will be prejudiced to the point where the Court will issue a subpoena on an active duty military servicemember serving in a foreign – and potentially hostile – theater. Specifically, the Court finds that Grant Jr. and Caldwell are able to obtain Pirone's testimony relevant to his case in admissible form.

The sufficiency of the prior testimony (and thus lack of prejudice to Grant) is evident for several reasons. First, as to Plaintiff Grant Jr., Pirone is not a defendant. While Pirone, as a percipient witness of the events in question, is clearly a key witness, he is not the central focus of Grant Jr.'s Fourteenth Amendment denial of familial relationship claim. Rather, this claim is focused on Mehserle's use of force against Oscar Grant, III and his intent in doing so. While Plaintiff Caldwell has a claim against Pirone, Caldwell has not filed an opposition to the motion to quash or joined in Grant Jr.'s opposition.

Second, many of the questions Grant Jr. argues he would have, but now can not, ask Pirone are either irrelevant or of tangential relevance to this action. For example, Pirone asserts he would have asked "Do you believe that your actions precipitated the death of Oscar Grant III? Do you believe that your actions caused harm to anyone?" Docket No. 473, at 8. Pirone's subjective beliefs on these matters is irrelevant to Grant Jr.'s cause of action against Mehserle in this matter. Similarly, Grant Jr. asserts he would have asked "Why didn't you instruct the trains to leave the station once

///

///

///

/// 

you discovered that there was not an ongoing fight?" *Id.* at 7. The relevance of such a question is doubtful in light of Grant Jr's single cause of action in this matter.[4]

Third, the Court has closely reviewed the 227 page deposition transcript resulting from the July 2009 deposition of Pirone by Wanda Johnson's attorney, Mr. John Burris. In this deposition, Mr. Burris walked Pirone through the sequence of events of January 1, 2009 in detail. The deposition included questions on what Pirone told Mehserle when Mehserle arrived on the scene, what Pirone saw and experienced during the arrest of Oscar Grant, III, and what Pirone heard Mehserle say both before and after the shooting. As noted above, Pirone also testified in the criminal proceedings against Mehserle involving the same incident, some of which may be admissible. Plaintiffs, therefore, have substantial material to present to the jury from Pirone's deposition.[5]

Accordingly, because Pirone's testimony is available in an admissible form, service of a subpoena on him while he is in a foreign country is improper under 28 U.S.C. § 1783 and thus Rule 45. Accordingly, the subpoena must be quashed so long as he is out of the country.

In closing, although Plaintiffs may use Pirone's deposition testimony against Defendants,[6] Defendants will be barred from introducing any portion of Pirone's testimony in their case in chief as to Grant Jr. or Caldwell, because neither the Grant Jr. nor the Caldwell action had been filed at the time of the Pirone deposition. *See* Fed. R. Civ. P. 32(a)(1) (noting that a deposition may only be

---

[4] Grant Jr. further argues that he would have inquired as to Pirone's changing answers between his preliminary hearing testimony, his criminal trial testimony, and his video deposition testimony and that he would like to find out from Pirone what, in fact, his story of the account of that night is. He does not, however, provide any example of both the specific questions and answers he argues were inconsistent. Further, to the extent there are inconsistencies between Pirone's deposition testimony and his prior criminal testimony, the Court will permit Plaintiffs to impeach Pirone's deposition testimony with the prior inconsistencies. *See McConney v. United States*, 421 F.2d 248, 251 (9th Cir. 1969); *see also* Fed. R. Evid. 806.

[5] The Court notes that while the Pirone deposition was taken in July 2009 prior to the filing of Grant Jr.'s case, at no point did Grant Jr.'s prior or current attorney (or Caldwell's prior or current attorney) independently seek to depose Pirone.

[6] Defendants were either present at the deposition, had notice thereof, and/or have not subpoenaed Pirone herein.

"used against a party" if that party was "present or represented at the taking of the deposition or had reasonable notice of it"). Since neither Plaintiff was present at Pirone's deposition and had no notice of it since their cases had not been filed, the deposition cannot be used against them under Rule 32(a)(1).

### III. CONCLUSION

For the foregoing reasons, the motion to quash the subpoena to Anthony Pirone is conditionally **GRANTED**. Counsel for Pirone is **ORDERED** to inform the Court and the parties *immediately* upon Pirone's return to the United States (even if he remains deployed on active military duty) at which point he is subject to the subpoena. To fulfill this order, it is expected that counsel will remain in as frequent communication with Pirone as is reasonably feasible given his situation.

In lieu of live testimony, Plaintiffs Grant Jr. and Caldwell may use Pirone's deposition. To the extent not barred by hearsay or other evidentiary limitations, Plaintiffs may use Pirone's prior sworn testimony in the Mehserle criminal proceedings. Defendants, however, are barred from using Pirone's prior testimony against Plaintiffs.[7] Plaintiffs shall designate those portions of the testimony they wish to introduce by 5:00 p.m. three (3) court days in advance of their use at trial. The parties shall meet and confer to resolve any evidentiary or completeness objections.

The administrative motion to file under seal Exhibit B to Pirone's Motion to Quash is **GRANTED**.

This order disposes of Docket Nos. 452 and 454.

IT IS SO ORDERED

Dated: June 4, 2014

_____
EDWARD M. CHEN
United States District Judge

---

[7] Defendants preserve their right to object to any particular testimony on evidentiary grounds normally applicable to trial testimony.