UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA JOHNSON, *et al.*, | No. C-09-0901 EMC |
| Plaintiffs, | **CONSOLIDATED CASES** |
| v. | C-09-4014 EMC (Grant)<br>C-09-4835 EMC (Bryson, *et al.*) |
| BAY AREA RAPID TRANSIT DISTRICT, *et al.*, | C-10-0005 EMC (Caldwell) |
| Defendants. | **ORDER CLARIFYING COURT ORDER GRANTING PIRONE'S MOTION TO QUASH** |
| AND RELATED ACTIONS. | **(Docket No. 491)** |

Defendant Mehserle has filed a motion seeking clarification of this Court's order granting Pirone's motion to quash Plaintiffs' trial subpoena. The Court ruled that Defendants were "barred from using Pirone's prior testimony against Plaintiffs." Docket No. 487, at 7. Specifically, Defendant Mehserle seeks clarification on his ability to designate portions of Pirone's deposition under Federal Rule of Civil Procedure 32(a)(6). Further, he argues that the Court's order quashing the subpoena should not bar his usage of Pirone's prior *criminal* testimony.[1] Upon reconsidering the application of additional authority – specifically Federal Rule of Evidence 804 – the Court provides the following clarification.

---

[1] The Court notes Defendant Mehserle's varying positions regarding Pirone's testimony. On one hand, he submitted a filing in which he "join[ed] in Anthony Pirone's Motion to Quash the Trial Subpoena." Docket No. 459, at 2. On the other hand, a week later, once the motion to quash was granted, he filed a request for clarification asserting that his "due process will be substantially impaired if he is precluded, due to no fault of his own, from introducing testimony of Pirone." Docket No. 491, at 2.

1  If Plaintiffs designate only part of Pirone's deposition, Defendants Mehserle and Domenici
2 will be permitted to designate other portions of Pirone's deposition "that in fairness should be
3 considered with the part introduced." Fed. R. Civ. P. 32(a)(6). Defendants are advised, however,
4 that the Court will view this provision narrowly and will not permit it to be used as a vehicle to
5 permit them to introduce large portions of Pirone's deposition testimony or portions unrelated to
6 those offered by the Plaintiffs. Their supplemental designation is merely to ensure sufficient context
7 and completeness for those portions designated by Plaintiffs. Their supplemental designation is
8 merely to insure sufficient context and completeness for those portions designated by Plaintiffs.

9  The Court will permit Defendant Mehserle to designate specific portions of Pirone's prior
10 criminal trial testimony. Federal Rule of Evidence 804(b)(1) permits prior criminal trial testimony
11 to be "offered against a party who had – or, in a civil case, whose predecessor in interest had – an
12 opportunity and similar motive to develop it by direct, cross - , or redirect examination." Fed. R.
13 Evid. 804(b)(1)(B). While some courts have construed the "predecessor in interest" language
14 narrowly as to require privity, *see In re IBM Peripheral EDP Devices Antitrust Litig.*, 444 F. Supp.
15 110, 113 (N.D. Cal. 1978), most other courts have read the "predecessor in interest" language
16 essentially out of the rule by requiring only a showing that the "previous party hav[e] the same
17 motive to develop the testimony about the same material facts." *Hynix Semiconductor Inc. v.*
18 *Rambus Inc.*, 250 F.R.D. 452, 458 (N.D. Cal. 2008); *see also, e.g.*, *Horne v. Owens-Corning*
19 *Fiberglas Corp.*, 4 F.3d 276, 283 (4th Cir. 1993) ("[P]rivity is not the gravamen of the analysis.
20 Instead, the party against whom the deposition is offered must point up distinctions in her case not
21 evidence in the earlier litigation that would preclude similar motives of witness examination.");
22 *Athridge v. AETNA Casualty & Surety Co.*, 474 F. Supp. 2d 102 (D.D.C. 2007) ("[R]eading the strict
23 language of 'predecessor in interest' out of the rule is precisely what courts have done in applying
24 the standard for admitting former testimony of unavailable declarants.").

25  Here, the prosecutor in Mehserle's murder trial had the same motive to develop the same
26 material facts relevant to Mehserle's state of mind in shooting Oscar Grant, III insofar as he was
27 prosecuting a murder charge. In this way, the prosecutor may be deemed a "predecessor in interest"
28 to Oscar Grant, Jr. *Cf. Johnson v. Baker*, No. 1:08-CV-00038, 2009 WL 3486000, at *10 (W.D. Ky.

Oct. 23, 2009) ("It is not unheard of for a prosecutor in a criminal trial to be deemed a predecessor in interest to defendants in a civil action."). Accordingly, Mehserle will be permitted to use Pirone's criminal trial testimony against Oscar Grant, Jr., provided the portions of the testimony are relevant and survive any other evidentiary objection, including those made under Fed. R. Evid. 403.

Defendant Domenici, however, will not be permitted to use Pirone's prior criminal testimony against Caldwell. The prosecutor in the criminal action did not possess the same motive to develop material facts relating to his cause of action against Defendant Domenici.

In designating the portions of Pirone's criminal trial testimony, Mehserle shall follow the Court's order regarding timing contained at Docket No. 487, at 7.

IT IS SO ORDERED

Dated: June 5, 2014

_____
EDWARD M. CHEN
United States District Judge

3