United States District Court

For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8  WANDA JOHNSON, *et al.*,                    No. C-09-0901 EMC
9           Plaintiffs,                        **CONSOLIDATED CASES**
10      v.                                     C-09-4014 EMC (Grant)
                                               C-09-4835 EMC (Bryson, *et al.*)
11  BAY AREA RAPID TRANSIT DISTRICT, *et*      C-10-0005 EMC (Caldwell)
    *al.*,
12          Defendants.                        **ORDER RE COURT'S SECOND**
13  _____/         **PROPOSED JURY INSTRUCTIONS**
14  AND RELATED ACTIONS.
15  _____/
16
17          On June 3, 2014, the Court issued proposed jury instructions in this matter.  The parties have
18  filed their comments.  Docket Nos. 489, 493, 495.
19          After the filing of the Court's proposed jury instructions, the Court issue an order (1)
20  dismissing Plaintiff Johntue Caldwell's claims against Anthony Pirone; (2) dismissing Caldwell's
21  claims against Anthony Pirone; (3) dismissing Caldwell's state law causes of action; and (4)
22  dismissing Plaintiff Oscar Grant, Jr.'s claims against Defendant Gary Gee.  Accordingly, the Court
23  has removed the following instructions, relating to the dismissed claims, from the prior set of
24  proposed instructions (instruction numbers refer to the number in the Court's June 3, 2014 order
25  regarding jury instructions):
26          •    Proposed Jury Instruction No. 40: Section 1983 Claims –
                 Integral Participation Required
27
28

- • Proposed Jury Instruction No. 41: Section 1983 Claim Against Supervisory Defendant in Individual Capacity – Elements and Burden of Proof

- • Proposed Jury Instruction No. 45: Assault – Essential Factual Elements

- • Proposed Jury Instruction No. 46: Battery by Peace Officer

- • Proposed Jury Instruction No. 47: Bane Act (Cal. Civ. Code § 52.1) – Essential Factual Elements

- • Proposed Instruction No. 48: Bane Act (Cal. Civ. Code § 52.1) – First Amendment

- • Proposed Instruction No. 49: Substantial Factor

- • Proposed Instruction No. 53: Punitive Damages (State Claims)

Further, the Court has modified the following instructions to eliminate references to the former Defendants and/or the dismissed claims:

- • Proposed Instruction No. 2: Claims and Defenses

- • Proposed Instruction No. 39: Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof

- • Proposed Instruction No. 50: Causation

- • Proposed Instruction No. 51: Damages – Proof and Measures of Types of Damages

- • Proposed Instruction No. 52: Punitive Damages (Federal Claims)

In addition, the Court has considered the views of the partes and rules on the objections as follows.

**A.    Plaintiff Oscar Grant Jr.'s Objections**

Plaintiff Oscar Grant, Jr. has objected to the exclusion of the false arrest and excessive force instructions. He argues that the question of whether there was probable cause to arrest Oscar Grant, III and whether the force used was excessive goes to the question of whether Defendant Mehserle had a "legitimate law enforcement objective" when he shot Grant III. For the reasons the Court stated when it declined to give these instructions, Grant Jr. is not raising a Fourth Amendment claim. The issue presented by his Fourteenth Amendment claim is whether or not Mehserle acted with a

*purpose* to harm unrelated to a legitimate law enforcement objective. This is a subjective inquiry. There is a substantial risk of juror confusion should the Court instruct on the objective tests for excessive force or false arrest. Grant Jr. remains free to have his experts argue that Mehserle's conduct deviated from accepted police standards (which would be relevant to his state of mind). There is simply no need for instructions on constitutional principles not raised in this case.

Grant Jr. also argues that because the Court is giving Ninth Circuit Model Jury Instruction 9.2 (which sets forward the elements for individual liability under § 1983), it must give Ninth Circuit Model Jury Instructions 9.20 (unreasonable seizure under the Fourth Amendment) and 9.22 (excessive force) because the comments to these two model instructions state "[u]se this instruction only in conjunction with the applicable elements instructions, Instructions 9.2 - 9.7." This argument is without merit. Just because 9.20 and 9.22 should be given with the more general § 1983 instructions does not mean that 9.20 and 9.22 should be given in every § 1983 case.

Grant Jr.'s objections are **DENIED**.

**B.** **Defendant Domenici's Objections**

Defendant Domenici requests that this Court reconsider permitting Plaintiff Caldwell to rely on a First Amendment theory (and instructing the jury accordingly) as a predicate for his Cal. Civ. Code § 52.1 instruction. Because the Court has dismissed Caldwell's state law causes of action for failure to comply with the California Tort Claims Act, *see* Docket No. 499, the Court has removed all instructions relating to these claims. Accordingly, Domenici's objections are **DENIED** as moot.


IT IS SO ORDERED.


Dated: June 10, 2014

_____
EDWARD M. CHEN
United States District Judge

United States District Court

For the Northern District of California

3

**[PRELIMINARY INSTRUCTIONS]**

**PROPOSED INSTRUCTION NO. 1**

**DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.1B.

Court Notes: The parties' joint filing regarding jury instructions indicate that Defendants object to the giving of this instruction.  However, no reasoning for this objection has been filed.

United States District Court
For the Northern District of California

**PROPOSED INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff OSCAR GRANT, JR. claims that defendant JOHANNES MEHSERLE deprived him of his familial relationship with his son (Oscar Grant, III).  OSCAR GRANT, JR. has the burden of proving this claim.

Defendant JOHANNES MEHSERLE denies this claim.

Plaintiff JOHNTUE CALDWELL claims that defendant MARYSOL DOMENICI violated his Fourth Amendment right to be free from unreasonable detention.  JOHNTUE CALDWELL has the burden of proving this claim.

Defendants MARYSOL DOMENICI denies this claim.


Authority: Ninth Circuit Model Civil Jury Instruction No. 1.2; CACI 300.


Court Notes: The parties have stipulated to the above instruction.  The Court has modified it only to correct grammatical errors and to state that Plaintiff Caldwell has the burden of proving his claims. Further, the Court has modified the instruction to remove those claims and defendants that were dismissed in this Court's June 5, 2014 order (Docket No. 499).

**PROPOSED INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.3.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 4**

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each plaintiff and each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.5.

**United States District Court**
For the Northern District of California

7

**PROPOSED INSTRUCTION NO. 5**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.6.

**PROPOSED INSTRUCTION NO. 6**

**WHAT IS NOT EVIDENCE**

In reaching your findings, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.7.

9

**PROPOSED INSTRUCTION NO. 7**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.8.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.9.

Court Note: The parties' joint filings on jury instructions indicate that the parties disagree on the language of this instruction. No indication is given as to what language is disputed. Unless the parties explain the basis for their objections, the Court will give the above instruction, the language of which is taken directly from the model jury instruction.

**PROPOSED INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.10.

**PROPOSED INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.11.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 11**

**CREDIBILITY OF WITNESSES – LAW ENFORCEMENT**

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case and in evaluating his or her credibility, you should use the same guidelines that you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

Court Notes: This instruction is likely not required in light of the more general instruction on witness credibility. *See, e.g.*, *United States v. Alston*, 375 F.3d 408, 412 (6th Cir. 2004) (no error in failing to give instruction admonishing the jury not to lend more credibility to law enforcement officer testimony). Nonetheless, courts have given similar instructions in cases where law enforcement officer testimony was expected. *See, e.g.*, *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69 (2d Cir. 2011) ("Also, during voir dire and again in the charge to the jury, the trial court limited the possibility of prejudice by instructing the jury that they should determine the credibility of police witnesses in the same manner as they would with respect to other witnesses and that police officers' testimony is not entitled to any greater weight or 'believability' by virtue of the witness's status as a police officer."); *United States v. Nagle*, No. 1:09-CR-384-01, 2013 WL 3894841, at *63 (M.D.Pa. July 26, 2013). Given the centrality of law enforcement witnesses and testimony in this case, the Court will give this instruction as a precautionary measure.

14

**PROPOSED INSTRUCTION NO. 12**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, twitter feed, facebook, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions

jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire

trial process to start over. If any juror is exposed to any outside information, please notify the court

immediately.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.12.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 13**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.13.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 14**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.14.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 15**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your findings should be.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.18.

**PROPOSED INSTRUCTION NO. 16**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.19.

**United States District Court**
For the Northern District of California

**[INSTRUCTIONS DURING TRIAL]**


**PROPOSED INSTRUCTION NO. 17**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]


Authority: Ninth Circuit Model Civil Jury Instruction No. 1.8.

**United States District Court**

For the Northern District of California

21

**PROPOSED INSTRUCTION NO. 18**

**STIPULATED TESTIMONY**

The parties have agreed what [witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Authority: Ninth Circuit Model Civil Jury Instruction 2.1.

Court Notes: The Court will give this instruction if necessary.  At this point, the parties have not indicated that they have stipulated to the testimony of any witness.

**PROPOSED INSTRUCTION NO. 19**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

Authority: Ninth Circuit Model Civil Jury Instruction No. 2.2.

United States District Court

For the Northern District of California

23

**PROPOSED INSTRUCTION NO. 20**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [Anthony Pirone] [Johntue Caldwell] was taken on [date].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.


Authority: Ninth Circuit Model Civil Jury Instruction No. 2.4.


Court Notes: To the extent either party seeks to offer the deposition testimony of Johntue Caldwell at trial, this instruction will be given immediately prior to the jury being shown the deposition testimony.  Further, there is an ongoing dispute between the parties regarding Defendant Anthony Pirone's availability to testify in person at trial.  He has been subpoenaed by the Plaintiffs, and Defendants have moved to quash the subpoena on the basis of Pirone's active military service.  In the event that the Court grants the motion to quash, and permits one or more parties to utilize Pirone's video-taped deposition in lieu of live testimony, the Court will give this instruction immediately prior to the jury being shown the deposition.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 21**

**TRANSCRIPT OF TAPE RECORDING**

You [are about to listen] [have listened] to a tape recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

Authority: Ninth Circuit Model Civil Jury Instruction No. 2.5.

Court Notes: The Court will only give this instruction if necessary.

25

**PROPOSED INSTRUCTION NO. 22**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Ninth Circuit Model Civil Jury Instruction No. 2.11.

**PROPOSED INSTRUCTION NO. 23**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority: Ninth Circuit Model Civil Jury Instruction No. 2.12.

Court Notes: The Court will give this instruction only if necessary.

**PROPOSED INSTRUCTION NO. 24**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.


Authority: Ninth Circuit Model Civil Jury Instruction No. 2.13.


Court Notes: The Court will give this instruction if necessary.

**[FINAL JURY INSTRUCTIONS]**

**PROPOSED INSTRUCTION NO. 25**

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.1C.

**PROPOSED INSTRUCTION NO. 26**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.3.

Court Notes: Defendants have proposed a separate burden of proof instruction based on CACI No. 200 which would apply only to Caldwell's state law claims.  Docket No. 401, at 125.  The Court has reviewed the proposed instruction and finds it unnecessary in light of the Ninth Circuit model instruction discussed above.

**PROPOSED INSTRUCTION NO. 27**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.6.

**PROPOSED INSTRUCTION NO. 28**

**WHAT IS NOT EVIDENCE**

In reaching your findings, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.7.

**PROPOSED INSTRUCTION NO. 29**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.8.

**PROPOSED INSTRUCTION NO. 30**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.9.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 31**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.11.

**PROPOSED INSTRUCTION NO. 32**

**CREDIBILITY OF WITNESSES – LAW ENFORCEMENT**

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case and in evaluating his or her credibility, you should use the same guidelines that you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

**PROPOSED INSTRUCTION NO. 33**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Ninth Circuit Model Civil Jury Instruction No. 2.11.

**PROPOSED INSTRUCTION NO. 34**

**EXPERT OPINION – QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

Authority: CACI No. 220.

**PROPOSED INSTRUCTION NO. 35**

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

Authority: CACI No. 221.

**PROPOSED INSTRUCTION NO. 36**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.2.

Court Notes: Absent an objection, the Court intends to read as stipulated facts the undisputed facts identified in the parties' Joint Pretrial Conference Statement.  *See* Docket No. 344, at 11.  They are as follows:

1.   The San Francisco Bay Area Rapid Transit District ("BART") is a special district organized and existing under the laws of the State of California.

2.   BART operates a rail-based transit system through multiple cities and counties in the San Francisco Bay Area.

3.   The BART Police Department is responsible for providing law enforcement services for that rail-based transit system.

4.   In the early morning hours of January 1, 2009, BART Police Officer Marysol DOMENICI was patrolling the beat that included the Coliseum and Fruitvale stations along with her assigned partner, Officer Anthony Pirone.

5.   In the early morning hours of January 1, 2009, BART Police Officer Johannes MEHSERLE was on-duty and was partnered with Officer Jon Woffinden.

6.   Six separate cameras recorded the events of January 1, 2009 at the Fruitvale station at various different times and from various different angles. The six cameras included the BART platform camera, as well as the cameras of five BART patrons: Karina Vargas, Daniel Liu, Margarita Carazo, Tommy Cross, and Jamil Dewar.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 37**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the clerk.)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.

Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Authority: Ninth Circuit Model Civil Jury Instruction No. 2.14.

**PROPOSED INSTRUCTION NO. 38**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**


OSCAR GRANT, JR. and JOHNTUE CALDWELL bring their federal claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.


Authority: Ninth Circuit Model Civil Jury Instruction No. 9.1.

**PROPOSED INSTRUCTION NO. 39**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY –**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim(s) against the defendant MEHSERLE or DOMENICI, plaintiff OSCAR GRANT, JR. and plaintiff JOHNTUE CALDWELL must prove each of the following elements by a preponderance of the evidence:

    1. the defendant acted under color of law; and

    2. the act[s] of the defendant deprived each plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

If you find OSCAR GRANT, JR. and/or JOHNTUE CALDWELL have proved each of these elements, and if you find that each has proved all the elements he is required to prove under Instructions 42 and 43, your verdict should be for that respective plaintiff.  If, on the other hand, OSCAR GRANT, JR. and/or JOHNTUE CALDWELL has failed to prove any one or more of these elements against a respective defendant, your verdict should be for that defendant.


Authority: Ninth Circuit Model Civil Jury Instruction 9.2.

44

**PROPOSED INSTRUCTION NO. 40**

**PARTICULAR RIGHTS – FOURTEENTH AMENDMENT –**

**DENIAL OF FAMILIAL RELATIONS**

Plaintiff OSCAR GRANT, JR. has brought an action against Defendant JOHANNES MEHSERLE under the Fourteenth Amendment to the United States Constitution for the loss of companionship and society of his son, Oscar Grant, III.

Parents have a liberty interest under the Fourteenth Amendment to the companionship and society of their children.  In order to prove defendant deprived plaintiff of this Fourteenth Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

1.    That Defendant Mehserle acted with a purpose to harm to Oscar Grant, III that was unrelated to a legitimate law enforcement objective when he shot Oscar Grant, III .

2.    That Plaintiff OSCAR GRANT, JR.'s relationship with Oscar Grant III was one which involved deep attachments and commitments to one another which resulted in the sharing of a special community of thoughts, experiences and beliefs as well as the distinctively personal aspects of each other's lives.

An individual acts with a "purpose to harm" where he intends to inflict force beyond that which is required by a legitimate law enforcement objective.  For example, this can be shown where a defendant (1) acts with an intent to induce lawlessness, or to terrorize, cause harm, or kill; (2) acts maliciously and sadistically for the very purpose of causing harm; or (3) employs force against a suspect to bully a suspect, "teach him a lesson," or "get even."

Authority: *Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010); *Porter v. Osborn*, 546 F.3d 1131, 1140-42 (9th Cir. 2008);  *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001).  *Cf. A.D. and J.E. v. Markgraf*, C07-5483 SI (N.D. Cal. 2009), Docket No. 84, p. 5 (jury instruction on Fourteenth Amendment interest in companionship of mother), *aff'd* 712 F.3d 446, 453 (9th Cir. 2013).

45

**United States District Court**
For the Northern District of California

1   Court Notes: Both parties have submitted competing instructions on the Fourteenth Amendment

2   claim.  Plaintiff's proposed special jury instruction # 17 is improper as it contains improper

3   argument.  *See* Docket No. 401, at 120 ("In order to prevail on this claim, Plaintiff must establish by

4   a preponderance of the evidence, that defendant, Mehserle [sic] violated that constitutionally

5   protected right under the Fourteenth Amendment by deliberately, and with a purpose to harm

6   unrelated to legitimate law enforcement objectives, shot and killed his unarmed, son [sic[, lying

7   prone on the platform with his hands behind his back.").  The Court finds that the Defendant's

8   proposed instruction is confusing insofar as it does not elaborate on what a purpose to harm entails.

9        The Court's instruction is derived from controlling Ninth Circuit authority.  First, in *Porter*

10   *v. Osborn*, 546 F.3d 1131 (9th Cir. 2008), the Ninth Circuit noted that "[i]t is the intent to inflict

11   force beyond that which is required by a legitimate law enforcement objective that 'shocks the

12   conscience' and gives rise to liability under § 1983."  *Id.* at 1140.  It went on to state:

> Although our cases contain guidance mostly about officers' intentions
> and actions that *do not* evidence a purpose to harm, a close reading of
> [*County of Sacramento v. Lewis*, 523 U.S. 833 (1998)] and our cases
> following it indicates [sic] what kind of conduct *does* reveal a purpose
> to harm.  In *Lewis* itself, the Supreme Court held that a purely reactive
> decision to give chase evidenced no intention to "induce . . .
> lawlessness, or to terrorize, cause harm, or kill."  The Supreme Court
> left open the possibility that liability can still attach under *Lewis* where
> a plaintiff proves particularly objectionable conduct.  We agree with
> Judge McKee's concurring opinion in [*Davis v. Township of Hillside*,
> 190 F.3d 167 (3d Cir. 1999)], a Third Circuit police chase case, which
> reasons that where force against a suspect is meant only to "teach him
> a lesson" or to "get even" then "*Lewis* would not shield the officers
> from liability even though they were ultimately effectuating an arrest."

21   *Porter*, 546 F.3d at 1140-41.  Similarly, in *Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010), the

22   Court stated that a "purpose to harm might be found where an officer uses force to bully a suspect or

23   "get even."  *Id.* at 554.  The *Porter* Court likewise noted that the Fourteenth Amendment inquiry

24   requires an assessment of the totality of the circumstances.

25        Second, Defendants assert that Grant Jr.'s Fourteenth Amendment claim requires him to

26   demonstrate a sufficiently close relationship with his son, Grant III.  In *Lee v. City of Los Angeles*,

27   250 F.3d 668 (9th Cir. 2001), the Ninth Circuit noted that the Constitution "'protects those

28   relationships, including family relationships that presuppose deep attachments and commitments to

the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" *Id.* at 685 (quoting *Board of Dir. v. Rotary Club*, 481 U.S. 537 (1987)). Accordingly, it is apparent that the depth of the relationship is integral to the application of the Fourteenth Amendment. This was reinforced by the Ninth Circuit in the prior appeal in this action. There, the Ninth Circuit "decline[d] Mehserle's invitation to find, as a matter of law that Grant and his father lacked a sufficiently strong father-son bond to support the father's Fourteenth Amendment claim." *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1170 (9th Cir. 2013). The Court noted, however:

> That is not to say that the strength of a parent's relationship with a child has *no* bearing on the parent's claim for loss of the child's companionship. It is instead to say that the closeness of a parent's relationship with a child is a quintessential question of fact (and on this record, a disputed one).

*Id.* at 1170 n.4. This statement would be superfluous if inquiry into the depth of the relationship was unnecessary to state a deprivation of familial relationship claim.

**PROPOSED INSTRUCTION NO. 41**

**PARTICULAR RIGHTS – FOURTH AMENDMENT –**

**UNREASONABLE SEIZURE OF PERSON – GENERALLY**

As previously explained, Plaintiff JOHNTUE CALDWELL  has the burden to prove that the acts of Defendant MARYSOL DOMENICI deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges MARYSOL DOMENICI deprived him of his rights under the Fourth Amendment to the Constitution when she unlawfully detained him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove defendant deprived plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant Domenici seized the plaintiff's person;

2. in seizing the plaintiff's person, Defendant Domenici acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

1. the number of officers present;

2. whether weapons were displayed;

3. whether the encounter occurred in a public or nonpublic setting;

4. whether the officer's manner would imply that compliance would be compelled; and

5. whether the officers advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the plaintiff must prove the defendant meant to engage in the acts that caused a seizure of the plaintiff's person.  Although the plaintiff does not need to prove the

defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant actions were accidental or inadvertent.

Authority: Ninth Circuit Model Civil Jury Instruction 9.18.

Court Notes: The parties have advanced Ninth Circuit Model Civil Jury Instruction No. 9.18.  The Court will give that instruction, but has added the definition of "intentionally" provided for in the model instruction.

**PROPOSED INSTRUCTION NO. 42**

**PARTICULAR RIGHTS – FOURTH AMENDMENT –**

**UNREASONABLE SEIZURE OF PERSON –**

**EXCEPTION TO WARRANT REQUIREMENT –** *TERRY* **STOP**

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officer[s] at the time:

1. the officer[s] had a reasonable suspicion that the person seized was engaged in criminal activity; and

2. the length and scope of the seizure was reasonable.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that the officer[s] lacked reasonable suspicion to stop [him] [her] or that the length and scope of the stop was excessive.

"Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts.  The determination of whether reasonable suspicion existed is not to be made with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time.

In determining whether the length and scope of the seizure was reasonable, consider how the officer[s] restricted the plaintiff's liberty and the officer's reason[s] for using such methods and for the length of the stop.

Authority: Ninth Circuit Model Civil Jury Instruction 9.19; *Glenn v. Washington County*, 673 F.3d 864 (9th Cir. 2011); *United States v. Hollis*, 685 F.3d 703, 706 (8th Cir. 2012) ("The determination of whether probable cause, or reasonable suspicion, existed is not to be made with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time.").

Court Notes: The Court has modified Ninth Circuit Model Civil Jury Instruction 9.19 to include, in the third paragraph, the admonition that the facts are to be considered from the circumstances of the reasonable officer on the scene and that the jury may not consider facts unknown to the officer at the time.

**PROPOSED INSTRUCTION NO. 43**

**CAUSATION**

In order to establish that the acts of the defendants JOHANNES MEHSERLE and/or MARYSOL DOMENICI deprived the plaintiffs of their particular rights under the United States Constitution and the laws of the United States as explained in the prior instructions, the plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

Authority: Ninth Circuit Model Civil Jury Instruction No. 9.8.

Court Notes: Plaintiffs object to this instruction, arguing that the instruction "should not be used if the claim of constitutional violation is a first amendment violation." Docket No. 401, at 65. The Court finds this objection is without merit because here there is no § 1983 claim based on a violation of the First Amendment. The First Amendment is implicated only insofar as it is a basis for Caldwell's *state law* 52.1 claim. This instruction has been further modified to remove references to former defendants or claims.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 44**

**DAMAGES – PROOF AND MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for OSCAR GRANT, JR. and/or JOHNTUE CALDWELL, you must determine each one's damages. OSCAR GRANT, JR. and JOHNTUE CALDWELL have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate OSCAR GRANT, JR. and/or JOHNTUE CALDWELL for any injury you find was caused by MEHSERLE and/or DOMENICI.

For OSCAR GRANT, JR. you should consider the following:

1.    Past and future loss of society and companionship;

2.    Loss of comfort, pleasure, care, protection, support, affection, and mental anguish, grief and sorrow, and pain and suffering; and

3.    Injury to parent-child relationship

For JOHNTUE CALDWELL, you should consider the following:

1.    The loss of enjoyment of life experienced;

2.    The mental, and emotional pain and suffering experienced;

3.    Out of pocket loss

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


Authority: Ninth Circuit Model Civil Jury Instruction No. 5.1 and 5.2.


Court Notes: Defendants object to the inclusion of any economic damages being included in Oscar Grant Jr.'s claims.  The Court will defer ruling on such an objection until after evidence has been presented at trial.  The Court has modified the instruction to remove references to former Defendants Pirone and Gee.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 45**

**PUNITIVE DAMAGES**

If you find for OSCAR GRANT, JR. or JOHNTUE CALDWELL you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

OSCAR GRANT, JR. or JOHNTUE CALDWELL have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that either MEHSERLE's or DOMENICI's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Authority: Ninth Circuit Model Civil Jury Instruction No. 5.5.

Court Notes: The Court has modified this instruction to remove references to former Defendants Pirone and Gee.

**PROPOSED INSTRUCTION NO. 46**

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

Authority: Ninth Circuit Model Civil Jury Instruction 5.6.

**PROPOSED INSTRUCTION NO. 47**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach unanimous findings but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach your verdict.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.1.

**PROPOSED INSTRUCTION NO. 48**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Authority: Ninth Circuit Model Civil Jury Instruction No. 3.1A.

United States District Court
For the Northern District of California

**PROPOSED INSTRUCTION NO. 49**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority: Ninth Circuit Model Civil Jury Instruction No. 3.2.

**PROPOSED INSTRUCTION NO. 50**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.3.

**PROPOSED INSTRUCTION NO. 51**

**ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you a further instruction.  By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you.  You shall consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

Authority: Ninth Circuit Model Civil Jury Instruction No. 3.4.

Court Notes: The Court will only give this instruction if it becomes necessary to further instruct the jury after they have begun their deliberations.

**PROPOSED INSTRUCTION NO. 52**

**DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict. All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.


Authority: Ninth Circuit Model Civil Jury Instruction No. 3.5.


Court Notes: This instruction will only be given if the jury has indicated that it is deadlocked.