1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8    WANDA JOHNSON, *et al.*,                    No. C-09-0901 EMC
9              Plaintiffs,                        **CONSOLIDATED CASES**
10       v.                                       C-09-4014 EMC (Grant)
                                                  C-09-4835 EMC (Bryson, *et al.*)
11   BAY AREA RAPID TRANSIT DISTRICT, *et*        C-10-0005 EMC (Caldwell)
     *al.*,
12             Defendants.                        **ORDER RE COURT'S PROPOSED**
13   _____/            **FINAL JURY INSTRUCTIONS**
14   AND RELATED ACTIONS.
15   _____/

16       The Court has amended the following instructions from the last version distributed to the

17   parties:

18       1.   Added instruction numbers 33 and 34 pursuant to the stipulation of the parties.

19       2.   Added stipulated facts to instruction number 38 pursuant to stipulation of the parties.

20       3.   Changed the wording of instruction numbers 41 and 44 for simplification and

21   clarification.

22       4.   Moved the instruction on Evidence in Electronic Format to number 49.

23       Any objections to these final instructions shall be filed with the Court no later than 4:00 p.m.,

24   June 26, 2014.

25       IT IS SO ORDERED.

26   Dated:  June 25, 2014

27                                               _____
                                                 EDWARD M. CHEN
28                                               United States District Judge

United States District Court
For the Northern District of California

**[FINAL JURY INSTRUCTIONS]**

**PROPOSED INSTRUCTION NO. 25**

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.1C.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 26**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.3.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 27**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.6.

United States District Court

For the Northern District of California

4

**PROPOSED INSTRUCTION NO. 28**

**WHAT IS NOT EVIDENCE**

In reaching your findings, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.       Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.       Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.       Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.       Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.7.

**PROPOSED INSTRUCTION NO. 29**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.8.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 30**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.9.

**PROPOSED INSTRUCTION NO. 31**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.11.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 32**

**CREDIBILITY OF WITNESSES – LAW ENFORCEMENT**

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case and in evaluating his or her credibility, you should use the same guidelines that you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

**PROPOSED INSTRUCTION NO. 33**

**MISSING WITNESS/PERSON**

Various witnesses to the events of January 1, 2009 have not appeared at trial.  You should not draw any negative inference to either party for the unavailability of a relevant witness who is equally unavailable to either party.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 34**

**CONSOLIDATED ACTION**

Separate lawsuits related to the events of January 1, 2009 were consolidated for administrative purposes, with the Johnson case designated as the "lead" case.  The name of the case (or the caption) must not impact your charge, which is to render verdicts in the two cases being tried before you, the Grant, Jr. and Caldwell matters.

The original consolidated cases involved other parties no longer present in this case.  You should not draw any inference regarding the absence of any person you think may have or should have been a party.

**PROPOSED INSTRUCTION NO. 35**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Ninth Circuit Model Civil Jury Instruction No. 2.11.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 36**

**EXPERT OPINION – QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

Authority: CACI No. 220.

**PROPOSED INSTRUCTION NO. 37**

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

Authority: CACI No. 221.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 38**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat the following facts as having been proved:

1.    The San Francisco Bay Area Rapid Transit District ("BART") is a special district organized and existing under the laws of the State of California.

2.    BART operates a rail-based transit system through multiple cities and counties in the San Francisco Bay Area.

3.    The BART Police Department is responsible for providing law enforcement services for that rail-based transit system.

4.    In the early morning hours of January 1, 2009, BART Police Officer Marysol DOMENICI was patrolling the beat that included the Coliseum and Fruitvale stations along with her assigned partner, Officer Anthony Pirone.

5.    In the early morning hours of January 1, 2009, BART Police Officer Johannes MEHSERLE was on-duty and was partnered with Officer Jon Woffinden.

6.    Six separate cameras recorded the events of January 1, 2009 at the Fruitvale station at various different times and from various different angles. The six cameras included the BART platform camera, as well as the cameras of five BART patrons: Karina Vargas, Daniel Liu, Margarita Carazo, Tommy Cross, and Jamil Dewar.

7.    Johntue CALDWELL died on July 15, 2011, as the result of events unrelated to this proceeding.

8.    At the time that Oscar Grant, III became at the age of majority, it is a felony for a former inmate or parolee/probationer to be on the grounds at any prison for any reason without prior written approval from the Warden at that institution.  Persons discharged from parole must provide proof of discharge along with the Warden's written permission to visit.

**PROPOSED INSTRUCTION NO. 39**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

OSCAR GRANT, JR. and JOHNTUE CALDWELL bring their federal claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Ninth Circuit Model Civil Jury Instruction No. 9.1.

**United States District Court**
For the Northern District of California

16

**PROPOSED INSTRUCTION NO. 40**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY –**
**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their 42 U.S.C. § 1983 claim against the defendant MEHSERLE or DOMENICI, plaintiff OSCAR GRANT, JR. and plaintiff JOHNTUE CALDWELL must prove each of the following elements by a preponderance of the evidence:

    1. the defendant acted under color of law; and

    2. the act[s] of the defendant deprived each plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

If you find OSCAR GRANT, JR. and/or JOHNTUE CALDWELL have proved each of these elements, and if you find that each has proved all the elements he is required to prove as described in the following instructions, your verdict should be for that respective plaintiff.  If, on the other hand, OSCAR GRANT, JR. and/or JOHNTUE CALDWELL have failed to prove any one or more of these elements against a respective defendant, your verdict should be for that defendant.

**PROPOSED INSTRUCTION NO. 41**

**PARTICULAR RIGHTS – FOURTEENTH AMENDMENT –**

**DENIAL OF FAMILIAL RELATIONS**

Plaintiff OSCAR GRANT, JR. has brought an action against Defendant JOHANNES MEHSERLE under the Fourteenth Amendment to the United States Constitution for the loss of companionship and society of his son, Oscar Grant, III.

Parents have a liberty interest under the Fourteenth Amendment to the companionship and society of their children. In order to prove that JOHANNES MEHSERLE deprived OSCAR GRANT, JR. of this Fourteenth Amendment right, OSCAR GRANT, JR. must prove the following elements by a preponderance of the evidence:

1.    That JOHANNES MEHSERLE acted with a purpose to harm to Oscar Grant, III that was unrelated to a legitimate law enforcement objective when he shot Oscar Grant, III; and

2.    That Plaintiff OSCAR GRANT, JR.'s relationship with Oscar Grant, III was one which involved deep attachments and commitments to one another which resulted in the sharing of a special community of thoughts, experiences and beliefs as well as the distinctively personal aspects of each other's lives.

Examples of a purpose "unrelated to a legitimate law enforcement objective" include but are not limited to where a defendant: (1) acts with an intent to induce lawlessness or to terrorize; (2) acts maliciously and sadistically for the very purpose of causing harm; or (3) employs force against a suspect to bully a suspect, "teach him a lesson," or "get even."

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 42**

**PARTICULAR RIGHTS – FOURTH AMENDMENT –**

**UNREASONABLE SEIZURE OF PERSON – GENERALLY**

As previously explained, Plaintiff JOHNTUE CALDWELL  has the burden to prove that the acts of Defendant MARYSOL DOMENICI deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges MARYSOL DOMENICI deprived him of his rights under the Fourth Amendment to the Constitution when she unlawfully detained him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove that MARYSOL DOMENICI deprived JOHNTUE CALDWELL of this Fourth Amendment right, JOHNTUE CALDWELL must prove the following additional elements by a preponderance of the evidence:

1. Defendant Domenici seized the plaintiff's person;

2. in seizing the plaintiff's person, Defendant Domenici acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in JOHNTUE CALDWELL's position would have felt free to leave, consider all of the circumstances, including

1. the number of officers present;

2. whether weapons were displayed;

3. whether the encounter occurred in a public or nonpublic setting;

4. whether the officer's manner would imply that compliance would be compelled; and

5. whether the officers advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the plaintiff must prove the defendant meant to engage in the acts that

caused a seizure of the plaintiff's person.  Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant actions were accidental or inadvertent.

**PROPOSED INSTRUCTION NO. 43**

**PARTICULAR RIGHTS – FOURTH AMENDMENT –**

**UNREASONABLE SEIZURE OF PERSON –**

**EXCEPTION TO WARRANT REQUIREMENT – *TERRY* STOP**

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officer[s] at the time:

1.   the officer[s] had a reasonable suspicion that the person seized was engaged in criminal activity; and

2.   the length and scope of the seizure was reasonable.

In order to prove the seizure in this case was unreasonable, JOHNTUE CALDWELL must prove by a preponderance of the evidence that MARYSOL DOMENICI lacked reasonable suspicion to stop him or that the length and scope of the stop was excessive.

"Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts.  The determination of whether reasonable suspicion existed is not to be made with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time.

In determining whether the length and scope of the seizure was reasonable, consider how MARYSOL DOMENICI restricted JOHNTUE CALDWELL's liberty and the reasons for using such methods and for the length of the stop.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 44**

**CAUSATION**

In order to establish that the acts of the defendant JOHANNES MEHSERLE deprived him of his rights under the Fourteenth Amendment as explained in the prior instructions, OSCAR GRANT, JR., must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of his rights as to be the moving force that caused the ultimate injury.

In order to establish that the acts of the defendant MARYSOL DOMENICI deprived him of his rights under the Fourth Amendment as explained in the prior instructions, JOHNTUE CALDWELL must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of his rights as to be the moving force that caused the ultimate injury.

Authority: Ninth Circuit Model Civil Jury Instruction No. 9.8.

**PROPOSED INSTRUCTION NO. 45**

**DAMAGES – PROOF AND MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for OSCAR GRANT, JR. and/or JOHNTUE CALDWELL, you must determine each one's damages. OSCAR GRANT, JR. and JOHNTUE CALDWELL have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate OSCAR GRANT, JR. and/or JOHNTUE CALDWELL for any injury you find was caused by MEHSERLE and/or DOMENICI.

For OSCAR GRANT, JR. you should consider the following:

1.     Past and future loss of society and companionship;

2.     Loss of comfort, pleasure, care, protection, support, affection, and mental anguish, grief and sorrow, and pain and suffering; and

3.     Injury to parent-child relationship

For JOHNTUE CALDWELL, you should consider the following:

1.     The loss of enjoyment of life experienced;

2.     The mental, and emotional pain and suffering experienced;

3.     Out of pocket loss

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Ninth Circuit Model Civil Jury Instruction No. 5.1 and 5.2.

United States District Court

For the Northern District of California

23

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 46**

**PUNITIVE DAMAGES**

If you find for OSCAR GRANT, JR. or JOHNTUE CALDWELL you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

OSCAR GRANT, JR. or JOHNTUE CALDWELL have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that either MEHSERLE's or DOMENICI's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Authority: Ninth Circuit Model Civil Jury Instruction No. 5.5.

**PROPOSED INSTRUCTION NO. 47**

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

Authority: Ninth Circuit Model Civil Jury Instruction 5.6.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 48**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach unanimous findings but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach your verdict.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.1.

**PROPOSED INSTRUCTION NO. 49**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the clerk.)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.

Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

27

Authority: Ninth Circuit Model Civil Jury Instruction No. 2.14.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 50**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority: Ninth Circuit Model Civil Jury Instruction No. 3.1A.

**PROPOSED INSTRUCTION NO. 51**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.2.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 52**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.3.

United States District Court

For the Northern District of California

**PROPOSED INSTRUCTION NO. 53**

**ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you a further instruction.  By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you.  You shall consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.


Authority: Ninth Circuit Model Civil Jury Instruction No. 3.4.


Court Notes: The Court will only give this instruction if it becomes necessary to further instruct the jury after they have begun their deliberations.

**United States District Court**
For the Northern District of California

**PROPOSED INSTRUCTION NO. 54**

**DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict. All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.


Authority: Ninth Circuit Model Civil Jury Instruction No. 3.5.


Court Notes: This instruction will only be given if the jury has indicated that it is deadlocked.