United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA JOHNSON, *et al.*, | No. C-09-0901 EMC |
| Plaintiffs, | **CONSOLIDATED CASES** |
| v. | C-09-4014 EMC (Grant)<br>C-09-4835 EMC (Bryson, *et al.*) |
| BAY AREA RAPID TRANSIT DISTRICT, *et al.*, | C-10-0005 EMC (Caldwell) |
| Defendants.  _____/ | **ORDER DENYING OSCAR GRANT, JR.'S REQUEST FOR TRANSCRIPT PAYMENT WAIVER** |
| AND RELATED ACTIONS.  _____/ | **(Docket No. 573-2)** |

On July 3, 2014, Plaintiff Oscar Grant, Jr. filed a notice of appeal from the jury's verdict in this action. Docket No. 573. Attached to the notice of appeal was a request for an order waiving the payment of transcript fees. The request asserted that "Plaintiff is currently incarcerated and unable to afford the transcript expenses." Docket No. 573-2, at 1.

"Transcript expenses are ineligible for waiver because court reporters must be paid for transcription. Even if the court record is digital, the transcriber must be paid." *In re Lark*, BAP No. CC-09-1239, 2010 WL 6451889, at *4 (9th Cir. B.A.P. Feb. 4, 2010) (citation omitted). In this way, a reporter or transcript fee is never "waived" – rather, in certain circumstances the United States government bears the cost of that fee. *See United States v. Worley*, No. 1:09-MC-142, 2009 WL 2859037 (M.D. Pa. Sept. 3, 2009) ("In the truest sense, transcript fees are never waived; the cost is simply bourne by the government rather than a party proceeding *in forma pauperis*."). Section 753(f) of Title 28 provides that the government will pay transcript fees: (1) in criminal proceedings

to persons proceeding under the Criminal Justice Act; (2) in habeas corpus proceedings to persons "allowed to sue, defend, or appeal in forma pauperis;" and (3) in all other proceedings where the person is "permitted to appeal in forma pauperis" so long as a trial or circuit judge "certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

Section 753(f) thus makes clear that a party's *in forma pauperis* status is an essential prerequisite to having the government bear the cost of obtaining transcripts in a civil proceeding. *See, e.g.*, *In re Price*, 410 B.R. 51, 57 (Bankr. E.D. Cal. 2009) ("The grant of in forma pauperis status under § 1915(a) is an essential element to qualifying for payment by the United States for transcripts for the appeal."); *see also Britt v. United States*, CIV. A. 12-00173-KD, 2013 WL 6499451 (S.D. Ala. Dec. 6, 2013) ("The Court has previously ruled that Britt is not entitled to proceed *in forma pauperis* on appeal; thus, Britt is not entitled to transcripts furnished at government expense."); *Konarski v. Donovan*, 763 F. Supp. 2d 128, 136 (D.D.C. 2011) (denying request for waiving transcript fees because "petitioners paid the filing fee in [the] case and have not sought leave to proceed without payment of costs").

Plaintiff, who has been and continues to be represented by counsel, has not been granted *in forma pauperis* status in these proceedings and has not requested leave to proceed *in forma* pauperis on appeal. *See* Docket No. 1 (indicating the $350 filing fee was paid). Accordingly, Plaintiff's request for a waiver of transcript fees is **DENIED**.

This order disposes of Docket No. 573-2.

IT IS SO ORDERED

Dated: July 8, 2014

_____
EDWARD M. CHEN
United States District Judge

2